FRUGÉ, Judge.
Plaintiffs, John Mitchell Luneau and his wife, Parilee Laprairie Luneau, brought this action against the Avoyelles Parish Police Jury to recover damages as a result of the defendant’s abandoning a public road, which action caused plaintiffs to be denied egress from or ingress to their home.
The defendant filed an exception of no cause or right of action which the district court sustained. Accordingly, it rendered judgment in favor of defendant. Plaintiffs then effected this appeal.
The facts as we cited them in the appellant’s brief are substantially as follows :
“In 1965 the Avoyelles Parish Police Jury adopted a resolution ‘closing’ what had admittedly been a public road and declared ' that the road was ‘removed from the Avoyelles Parish Road System’. The plaintiff owned a home fronting on the road and as a result of the action of the Police Jury the road was barricaded at its Western extremity. The road dead-ended at its Eastern extremity and consequently, Luneau was cut off completely from access to any public road. Luneau filed suit against the Police Jury to nullify the resolution and to have the road recognized as a ‘Public Road’. The District Court held that the action of the Police Jury was arbi *232 trary and unreasonable, declared the resolution to be null and void and declared the road to be public. The Police Jury appealed suspensively and devolutively and the Court of Appeal affirmed the judgment of the District Court specifically upholding its finding that the action of the Police Jury was arbitrary and unreasonable. The day that the judgment of the Court of Appeal became final, plaintiff removed the fence which had denied access to his home for a period of one year three months and twenty-nine days, * * * [and brought this action for damages].”
There is no doubt that the action of the police jury in abandoning the public road was unlawful. We so held in the case of Luneau v. Avoyelles Parish Police Jury, 196 So.2d 631 (La.App.3d Cir., 1967). The present suit for damages is the sequel of that case.
The only question for us to determine on this appeal is whether or not plaintiffs-appellants have a cause or right of action against the Avoyelles Parish Police Jury for damages which they sustained as a result of the unlawful abandoning of the public road, thereby depriving them of access to and from their property.
A parish police jury, as a subdivision of a state, is clothed with the general immunity of the state against suits. Plaintiffs-appellants do not dispute this general immunity but contend that they may prop•erly bring this action because the action of the police jury constituted a taking of their ■property without just compensation being first paid them. In support of this contention, plaintiffs-appellants rely upon the cases of English Realty Company v. Meyer, 228 La. 423, 82 So.2d 698 (1955); State v. Dowling, 205 La. 1061, 18 So.2d 616 (1944); State ex rel. Gebelin v. Department of Highways, 200 La. 409, 8 So. 2d 71 (1942).
The above cases maintained the view that a property owner may not be divested of his access to a public highway without the payment of just compensation to him. But as these cases indicate, the above rule has been applied where land has been expropriated for public use by a proper authority, and as a result of the expropriation, the plaintiff-property-owner has been deprived of his previous access to the public highway.
In the present case, the only action by the police jury was its abandoning a parish road. There was no expropriation for public purposes. Plaintiffs still would have been able to utilize the parish road, even after it was abandoned, had not a third party erected a fence across it. Thus, it was not the direct action of the parish which resulted in plaintiffs’ loss of access to and from their property, but rather the action of a third person (who was not made a party defendant).
In essence plaintiffs are seeking damages from a governmental body, contrary to its general immunity from suit, because of the trouble and inconvenience caused them as a result of that body’s actions. The state and its agencies should not be easily held for damages as a result of actions taken in performance of their governmental functions, even though their actions might subsequently be held to be unlawful; and therefore we are of the opinion that the defendant is immune from suit for the damages sought here.
For these reasons the judgment of the trial court is affirmed at plaintiffs-appellants’ costs.
Affirmed.