243 So.2d 915 (1971)
DISPOSAL SYSTEMS, INC., Plaintiff-Appellee,
v.
CALCASIEU PARISH SCHOOL BOARD, Defendant-Appellee,
Calcasieu Sanitation Service, Inc., Defendant Intervenor-Appellant.
No. 3287.
Court of Appeal of Louisiana, Third Circuit.
January 19, 1971.
Rehearing Denied February 24, 1971.
*916 Fredric G. Hayes, Lafayette, for defendant-appellant.
Scofield & Bergstedt, by Richard E. Gerard, Jr., Lake Charles, for plaintiff-appellee.
Henry Yelverton, Asst. Dist. Atty., Lake Charles, for defendant-appellee.
Before SAVOY, HOOD and DOMENGEAUX, JJ.
HOOD, Judge.
This is a mandamus proceeding instituted by Disposal Systems, Inc., against Calcasieu Parish School Board and John R. Denison, the President of that board. Plaintiff seeks a judgment directing defendants "to execute and finalize the contract that the Calcasieu Parish School Board has awarded to Disposal Systems, Inc.," relating to garbage disposal services for certain schools located in Wards 3 and 4 of Calcasieu Parish.
Calcasieu Sanitation Service, Inc., intervened, alleging that pursuant to contracts which it entered into earlier with the Police Jury of Calcasieu Parish, it has the exclusive right to operate garbage and refuse pick-up services in Garbage District No. 1 of Ward 3 and in Garbage District No. 2 of Ward 4, of Calcasieu Parish. It contends that the contract between Disposal Systems and the School Board infringes upon some of the exclusive rights of said intervenor under its contracts with the Police Jury. Calcasieu Sanitation Service prays for judgment dismissing plaintiff's suit and enjoining Disposal Systems from rendering garbage disposal services in the two above-mentioned garbage districts.
Judgment was rendered by the trial court in favor of plaintiff and against defendants, ordering defendant Denison, as president of the School Board, to execute the above-mentioned contract with Disposal Systems, Inc., for the collection of garbage and trash from schools located in Wards 3 and 4 of Calcasieu Parish. Intervenor, Calcasieu Sanitation Service, has appealed.
The questions presented are: (1) Did the Calcasieu Parish School Board actually award a contract to plaintiff Disposal Systems for the collection of garbage and trash? (2) Does the Calcasieu Parish School Board have authority to enter into *917 such a contract with plaintiff? (3) Is mandamus the appropriate remedy to compel defendants to execute this contract?
The record shows that prior to 1970 the Calcasieu Parish School Board did not involve itself in providing garbage disposal services for the schools. Each school in that parish arranged for the disposal of garbage and refuse from that school. Some of the schools arranged for farmers to pick up the garbage and others paid Calcasieu Sanitation Service to pick it up.
The amount of garbage and trash which accumulated at the schools increased from year to year to such an extent that in 1970 the Calcasieu Parish School Board decided to provide garbage and trash disposal for most of the schools in the parish, thus relieving the principals of those schools of the burden of arranging for garbage disposal services.
In line with that decision, the School Board advertised on July 24, 28 and 31, 1970, for bids on a garbage and trash disposal contract for many schools in that parish. The parish was divided into four areas, designated as Areas One, Two, Three and Four, and separate bids could be submitted for serving any or all of those areas. Area One included a number of schools in Ward Three, and Area Two included several schools in Ward Four of that parish. The bids were opened and tabulated on August 4, 1970.
Plaintiff, Disposal Systems, submitted a bid for a contract to service Area One and Area Two. Intervenor, Calcasieu Sanitation Service, submitted a bid for a contract to service all four of the areas specified by the School Board. Plaintiff was the low bidder for Areas One and Two. After the bids were opened and it was determined that plaintiff was the low bidder for two areas, a committee was appointed by the School Board to inspect the equipment of the low bidder and in due course that committee submitted its report to the board. Following that report, a motion was made, seconded and carried that a contract be "awarded" to Disposal Systems for servicing Areas One and Two, "subject to a firm opinion from the District Attorney that the Calcasieu Sanitation Service, Inc., franchise is not a binding franchise."
Prior to the time the above-mentioned bids were received, Calcasieu Sanitation Service had entered into, or had acquired by assignment, contracts with Garbage District No. 1 of Ward Three and with Garbage District No. 2 of Ward Four, of Calcasieu Parish, under the terms of which contracts Calcasieu Sanitation Service was given the "exclusive" right of operating and maintaining a garbage and refuse pick-up service "from residential or commercial establishments" within the areas covered by those districts. A number of schools which were listed in the contract between the School Board and Disposal Systems are located within Garbage District No. 1 and Garbage District No. 2.
On the day bids were opened by the Calcasieu Parish School Board, August 4, 1970, Calcasieu Sanitation Service formally advised the School Board by letter that approximately 25 schools which were included in those bids were within areas where Calcasieu Sanitation Service holds garbage disposal franchises. Since that notice implied that the School Board could not legally contract with plaintiff, the board decided to award the contract to Disposal Systems only on condition that the District Attorney rendered an opinion to the effect that it legally could do so. That action was taken by the board on August 7, 1970.
On August 7, 1970, the School Board was advised verbally by the District Attorney, through an assistant, that the exclusive franchise held by Calcasieu Sanitation Service would not bar the board from entering into a garbage disposal contract with Disposal Systems, and this verbal opinion was later confirmed in writing by the District Attorney's office. Immediately upon receipt of that verbal information from the District Attorney's office, the School Board, through its superintendent, informed *918 Disposal Systems by telephone that that firm had been awarded the contract and that it could commence preparations for performance of such contract, although a written agreement to that effect could not be executed by the board until the forth-coming written opinion from the District Attorney's office was received.
At or about the time the school board requested an opinion from the District Attorney, Calcasieu Sanitation Service also requested an opinion from the Louisiana Attorney General as to the right of the board to contract with plaintiff. In response to that request, the Attorney General issued an opinion on August 17, 1970, stating in substance that the Calcasieu Parish School Board could not legally enter into a contract with Disposal Systems for garbage or waste disposal which in any manner infringed upon the exclusive rights granted to Calcasieu Sanitation Service under its contract with the Police Jury. Since the opinion rendered by the Attorney General conflicted with the one which previously had been issued by the District Attorney, the Calcasieu Parish School Board refused to execute a contract with Disposal Systems until a judicial determination could be made as to its rights and obligations in that matter. This suit was then instituted. The position of the School Board here is that it is neutral, and it prays simply that "the case be decided according to the law and the facts."
Intervenor contends, first, that a garbage disposal contract has never been "awarded" to Disposal Systems, and that the trial judge erred in ordering the president of the School Board to sign such a contract.
LSA-R.S. 38:2213 provides that all public contracts must be in writing. The School Board's advertisement for bids contained the statement, "The right is reserved to reject any or all bids and to waive informalities." The instructions to bidders stipulated that, "The owner reserves the right to reject any or all proposals, and to waive informalities," and that the owner reserves the right to make the award of the contract on any or all of the following considerations:
"A. The price as quoted in the proposal.
B. An inspection by a committee of the Board to evaluate the adequacy of the equipment and services to be rendered under the contract.
C. The bidders ability to perform the required services.
D. The certification of the equipment and service of the bidder by the State Board of Health as being in accordance with the requirements of the Louisiana State Board of Health.
E. The School Board reserves the right to award the contract for disposal service based on the lowest adequate proposal for all four areas of the Parish as a whole, or to award contracts on the basis of the lowest adequate proposal for each of the areas individually."
The form of the proposal or bid submitted by plaintiff and by intervenor, being the form required by the School Board, provided that "Upon receipt of the Notice of Acceptance of this proposal, I/We will execute the formal contract and furnish bond within a period of seven (7) days. The work to commence within 10 days of issuance of a Work Order by the Calcasieu Parish School Board, Lake Charles, Louisiana."
Intervenor contends that under the above-mentioned circumstances, and in view of the provisions of LSA-R.S. 38:2213, it cannot be said that the School Board has "awarded" the contract to Disposal Systems. It points out, correctly, that no formal "Notice of Acceptance" was given by the School Board to plaintiff, and it argues that there thus was no formal award of the contract to Disposal Systems and that there exists no written agreement on which this mandamus proceeding can be based. We cannot agree with this argument.
*919 The present suit is not an action to enforce an obligation arising from a contract, and thus LSA-R.S. 38:2213 is not applicable here. This is simply a mandamus proceeding to compel a public officer to perform a ministerial duty, i. e., the signing of a contract which the School Board formally voted to award to the low bidder and which the School Board was obligated to complete. See LSA-R.S. 38:2211.
The bid submitted by Disposal Systems was in writing. The minutes of the School Board show that Disposal Systems was the low bidder for Areas One and Two, that the board accepted its proposal and that the contract was "awarded" to that bidder subject to only one condition which was met. Under those circumstances, we think it became the ministerial duty of the president of the School Board to sign a contract in behalf of that board with Disposal Systems, the low bidder.
Our conclusion is that the School Board "awarded" the contract to Disposal Systems, and that the president of that board was obliged, as a ministerial duty, to sign that contract, even though no written "Notice of Acceptance" had been given to the plaintiff.
Intervenor contends, next, that the Police Jury of Calcasieu Parish had authority to grant to Calcasieu Sanitation Service the exclusive right to perform garbage and trash pick-up services in certain areas of the parish, and that since intervenor had acquired such a right, by agreement with the Police Jury, the School Board could not legally enter into a contract with Disposal Systems which infringed on intervenor's exclusive rights. We are unable to agree with intervenor's argument for at least two reasons.
First, the contracts existing between the Police Jury and intervenor give Calcasieu Sanitation Service the exclusive right to collect garbage and refuse only from "residential or commercial establishments." We do not classify a school as being either a residential or a commercial establishment, and thus we do not interpret those contracts as giving intervenor the exclusive right to collect garbage and trash from schools.
Secondly, we are unable to agree with intervenor that the authority granted by LSA-R.S. 33:2922(B) for parishes and municipalities to enter into contracts "for the procurement of garbage or waste disposal" bars or prohibits a school board from entering into similar contracts for schools, even though the schools may be located in areas being serviced by a garbage collection contract with the Police Jury.
Police Juries are political corporations whose powers are specially defined by the Legislature, and they can legally exercise no other powers than those delegated to them. State ex rel. Porterie v. Smith, 184 La. 263, 166 So. 72 (1936); Luneau v. Avoyelles Parish Police Jury, 212 So.2d 231 (La.App. 3 Cir. 1968); KAOK-CATV, Inc. v. Louisiana Cable TV, Inc., 195 So.2d 297 (La.App. 3 Cir. 1967).
Although LSA-R.S. 33:2922(B) specifically grants to parishes and municipalities the right to enter into time contracts for garbage and waste disposal services, we find nothing in that statute, or in any other, which vests that authority exclusively in parishes or municipalities. No statutory or constitutional provision has been pointed out to us which prohibits any other political corporation or body from contracting for its own garbage disposal services.
The Calcasieu Parish School Board also is a political corporation or public body, and it is vested with authority to purchase land, to construct and erect schools, to employ teachers and in general to operate the schools. La.Const. Art. XII, Sec. 10; LSA-R.S. 17:51; LSA-R.S. 17:81. School boards are specifically authorized to maintain and operate lunch departments on a non-profit basis to provide meals for school *920 children attending the public schools within their respective jurisdictions. LSA-R.S. 17:82. LSA-R.S. 17:195 provides, in part, that:
"The school boards, in order to provide for the operation of school lunch programs in schools under their jurisdiction, may enter into contracts with respect to food, services, supplies, equipment, and facilities for the operation of such programs * * *." (Emphasis added.)
A school board need not have specific legislative authority for every act which may be incidental or necessary to the performance of its duties. It has such implied or additional powers as are necessarily and properly incident to the performance of its statutory duties. Watkins v. Ouachita Parish School Board, 173 La. 259, 136 So. 591 (1931); Lincoln Parish School Board v. Ruston College, 162 So.2d 419 (La.App. 2 Cir. 1964).
We think one of the "services" which a school board may provide in connection with the operation of its school lunch program is for the disposal of the garbage which accumulates in the operation of such a program. Under the provisions of LSA-R.S. 17:195, the school board is authorized to enter into contracts to provide for garbage disposal services for the schools.
Our conclusion is that the School Board has authority to enter into a contract with Disposal Systems for the disposition of garbage and refuse from the schools in Calcasieu Parish, and that the School Board is not precluded from entering into such a contract by the previous agreements which the Police Jury entered into with Calcasieu Sanitation Service.
Intervenor contends, finally, that mandamus is not a proper remedy in the instant suit. Several arguments are presented to support that contention, one of them being that a writ of mandamus may not be obtained to enforce a contract, but that it particularly may not be used to enforce an alleged illegal "verbal public contract," prohibited by R.S. 38:2213. We have already pointed out that this is not a suit to enforce a contract. It is a mandamus proceeding to compel the President of the Calcasieu Parish School Board to perform a ministerial duty. In our opinion, the contract between the School Board and Disposal Systems is not prohibited by LSA-R.S. 38:2213. We, therefore, find no merit to this argument of intervenor.
It is argued further that mandamus cannot be used to compel the School Board to award a contract to plaintiff "when the advertisement contained the reservation of the right to reject any and all bids." Intervenor takes the position that since the School Board could reject all bids the matter of awarding the contract rests within its discretion, and that plaintiff seeks here to compel the board to perform an act which is exclusively under its discretion.
The answer to that argument is that here the School Board has already exercised its discretion, and it has awarded the contract to Disposal Systems. The plaintiff in the instant suit is not seeking to compel the board to perform the discretionary act of awarding the contract, but instead it is merely seeking to compel the president of the board to perform the ministerial act of signing the written agreement, as he has been directed to do by official act of the board.
Several cases have been cited by intervenor in all of which the courts have applied the principle that a political corporation cannot be compelled by mandamus to perform an act which lies solely within its discretion. Those cases are inapplicable here, however, in view of our holding that the duty of the president to sign the contract is a ministerial duty and not a discretionary function of the board or any of its officers.
Intervenor argues also that mandamus will not lie to enforce a right which is "in doubt." It contends that here the School *921 Board could reconsider the bids, even after the award was made, and that the president's duty to sign the contract thus was not a "ministerial duty required by law," as provided in LSA-C.C.P. art. 3863.
As correctly pointed out by intervenor, our Supreme Court held in State ex rel. Hutton v. City of Baton Rouge, 217 La. 857, 47 So.2d 665 (1950), that "the writ of mandamus issues only when there is a clear and specific legal right to be enforced or a duty which ought to be and can be performed," and that "this writ is never granted in doubtful cases." Substantially the same language was used in Gautreau v. Board of Electrical Examiners of the City of Baton Rouge, 167 So.2d 425 (La.App. 1 Cir. 1964).
It is argued that no "emergency" exists in this case which makes it necessary to have the contract signed now, and that no injustice would be suffered by plaintiff if its demands for a writ of mandamus should be rejected. It contends that plaintiff has a remedy by ordinary process in the event the contract should be awarded to Calcasieu Sanitation Service. This argument is directed solely at the form of the action, and not to any substantive rights which intervenor may have.
LSA-C.C.P. art. 1094 provides that "An intervener cannot object to the form of the action, to the venue, or to any defects and informalities personal to the original parties." An official comment under that article reads, "The above article codifies the jurisprudential rule that an intervener takes the proceedings as he finds them." In view of this provision of the Code of Civil Procedure, we hold that intervenor has no right to object to the form of the action which was instituted by plaintiff.
Intervenor contends, finally, that in this proceeding plaintiff is attacking the validity of the four contracts which it holds with the Police Jury. It argues that these contracts cannot be attacked collaterally in a mandamus proceeding, citing in support of that argument Town of Coushatta v. Valley Electric Membership Corp., 139 So.2d 822 (La.App. 2 Cir. 1962); Gautreau v. Board of Electrical Examiners of the City of Baton Rouge, supra; State ex rel. Hutton v. City of Baton Rouge, supra.
We do not interpret this suit as constituting a collateral attack on the contracts which intervenor previously entered into with the Police Jury. It is true that arguments were presented in behalf of plaintiff to the effect that the contracts between the Police Jury and Calcasieu Sanitation Service are invalid because of a failure to advertise for and to receive competitive bids for such services. We, however, find it unnecessary to consider the questions raised as to the validity of those contracts, and thus there is no merit to intervenor's argument that this suit constitutes a collateral attack on Calcasieu Sanitation Service's contracts.
Our conclusion is that plaintiff is entitled to judgment ordering defendant Denison, as President of the Calcasieu Parish School Board, to sign the contract which was awarded to Disposal Systems by that board. We find no error in the judgment of the trial court which granted plaintiff that relief.
For the reasons herein set out, the judgment appealed from is affirmed. The costs of this appeal are assessed to intervenor, Calcasieu Sanitation Service.
Affirmed.