SAMUEL, Judge.
This is a mandamus proceeding, brought in the form of a class action by eight Orleans Parish residents, to compel the respondents, the Orleans Parish School Board, its individual members and its superintendent, to hold only open meetings of the Board in accordance with LSA-R.S. 42:5, 6, 7 and 8. Respondents filed various exceptions to the petition[1] all of which were overruled, and an answer essentially averring they were meeting in accordance with those statutes.
After trial there was judgment making the writ of mandamus peremptory and directing the respondent Board “. that henceforth it may only hold closed or executive meetings upon formal motion duly made, seconded and carried at an open meeting, recessing but not adjourning, the open meeting for this purpose in compliance with R.S. 42:5, et seq.”
In this court respondents have briefed and argued their exceptions of no right and no cause of action. However, because they state they are anxious to ascertain our interpretation of the statutes upon which this suit is based and because of the conclusion we have reached, we will proceed directly to the merits, assuming, but not deciding, that the judgment overruling the exceptions is correct.
The statutes read as follows:
“All meetings of town and city councils, police juries and other governing bodies; school boards and boards of levee and port commissioners; boards of publicly operated utilities; and all state, parish, district or municipal boards or authorities with policy making or administrative functions which receive or expend tax funds, the Legislature specifically exempted, shall be open to the public.” LSA-R.S. 42:5 (Emphasis ours).
“Upon formal motion made, seconded and carried, such councils, police juries, governing bodies, boards or authorities may recess to a specified time, but not adjourn, open meetings for closed or executive meetings provided no final or binding action shall be taken during such closed or executive recesses and that they shall not be used as a subterfuge to defeat the purposes of this R.S. 42:5, 42:7 and 42:8.” LSA-R.S. 42:6 (Emphasis ours).
“All such councils, police juries, governing bodies, boards or authorities, except the legislature, shall fix the time and place of regular meetings, and in the event of deviation from the fixed time and place of meeting, or in the event of special meetings, advance public notice shall be given by legible notices posted on a bulletin board or other prominent place at the domicile and place at which the meeting is to be held if different from domicile, of the council, police jury, governing body, board or authority calling such meeting, and by such other *245 means as are consistent with circumstances. This Section shall be construed by way of extension and not limitation with respect to any existing law upon this subject matter.” LSA-R.S. 42:7 (Emphasis ours).
“It shall be unlawful for such councils, police juries, governing bodies, boards or authorities to hold meetings under any conditions contravening the provisions of R.S. 42:5 through R.S. 42:7.” LSA-R. S. 42:8.
The Board is composed of five members. It holds regular meetings on the second and fourth Mondays of each month at its domicile in the City of New Orleans. These regular meetings, as well as special meetings, are open to - the public. Before or after, or on dates different from, its regular meetings it also holds many closed or executive meetings or conferences from which the public and representatives of the news media are excluded. Respondents contend these closed or executive sessions are held only in accordance with one of the Board’s own rules[2] which provides:
“The board shall meet in closed or executive session as a committee of the whole only to discuss property acquisitions, personnel actions, planning or other matters in which the interests of the school system or of individuals involved are such as to require confidential discussions. However, no final or binding action on any matters shall be taken in closed or executive session.”
The question thus presented is whether the Board may hold closed or executive meetings in any manner other than that provided by LSA-R.S. 42:6, i. e., during recess of an open meeting following formal passage of a motion to recess to a specific time without adjournment.
Other than LSA-R.S. 42:6, we know of no specific statutory authority in Louisiana for a parish school board to hold closed or executive sessions. But in this regard LSA-R.S. 42:6 is only permissive. It provides a manner by which the Board may go from open meetings into closed or executive meetings; it does not prohibit the holding of closed or executive meetings. Authority for the holding of closed or executive meetings is to be found in jurisprudence to the effect that school boards have not only those powers specifically delegated to them by the Legislature; they also have such implied or additional powers as are necessarily and properly incident to the performance of their statutory duties.[3] We believe the right of the Board to meet in private with its administrative staff and others for the purpose of discussing school matters is one of its implied or additional powers.
The key to the problem is the meaning of the word “meetings” as used in the quoted statutes. A meeting may be simply a coming together or a gathering for business, social or other purposes.[4] If this were the meaning intended by the statutes, three (the number necessary for a quorum) or more of the Board members could not meet under any circumstances or for any purpose, even for discussion and exchange of views regarding preliminary and administrative matters, as the necessity for property acquisitions, renovation or repair, personnel action, litigation, planning budgets or agenda, and others, which require their consideration but which do not require official board action.
*246 We are satisfied the statutes intend no such crippling limitation. Such preliminary and administrative matters appear to be far too numerous for proper consideration only during recess of open meetings. More important, if the statutes do intend that limitation, an executive meeting held during recess of an open meeting for such purposes could constitute a subterfuge prohibited by LSA-R.S. 42:6 and it would be impossible for the Board to take care of emergency matters as, for example, the need for discussions with its attorneys during trial of litigation in which the Board is a party.
Other than “open” and “closed or executive” meetings referred to in LSA-R.S. 42:5 and 6, the only other reference to a particular type of meeting is contained in LSA-R.S. 42:7 which requires a fixing of a time and place of regular meetings and advance public notice of special meetings and of a change of time and place of regular meetings. We are convinced such meetings, regular and special, the holding of which is known to the public in advance and only at which final or binding Board action can be taken are the only kinds of meetings to which the statutes have reference and are the only kinds of meetings which are required by the statutes to be open to the public. While it is true closed or executive sessions may be used to defeat the legislative purpose in requiring open meetings, it is equally possible the same abuse may occur at an executive session held during recess of an open meeting. In either case, when and if such an abuse occurs any action taken may be invalidated in a proper proceeding.
Accordingly, we hold the respondent Board has the right to hold informal conferences and closed or executive meetings, in addition to its regular and special meetings, provided that no final or binding action can be taken at such informal conferences or closed or executive meetings and provided further that the same may not be used as a subterfuge to defeat the purposes of the statutes.
For the reasons assigned, the judgment appealed from is reversed and it is now ordered that the alternative writ of mandamus herein issued by the trial court be recalled, set aside and annulled and that rela-tors’ demands be rejected; all costs in both courts to be paid by relators.
Reversed.

. The exceptions filed were to the court’s lack of jurisdiction over the subject matter of the action, unauthorized use of summary proceeding, no right of action and no cause of action.

. See. II, ¶ 3, Orleans Parish School Board “Statement of Policies” adopted October 29, 1956.

. Watkins v. Ouachita Parish School Board, 173 La. 259, 136 So. 591; Disposal Systems, Inc. v. Calcasieu Parish School Bd., La.App., 243 So.2d 915; Lincoln Parish School Board v. Ruston College, La.App., 162 So.2d 419; Andrews v. Claiborne Parish School Board, La.App., 189 So. 355.

.Webster’s Third New International Dictionary (unabridged) (1961).