281 So.2d 719 (1973)
Mr. and Mrs. William D. REEVES et al., Plaintiffs-Appellees-Relators,
v.
ORLEANS PARISH SCHOOL BOARD et al., Defendants-Appellants-Respondents.
No. 52769.
Supreme Court of Louisiana.
August 20, 1973.
Marcal & O'Brien, Joseph Neves Marcal, III, New Orleans, for plaintiffs-applicants.
Polack, Rosenberg & Rittenberg, Samuel I. Rosenberg, New Orleans, for defendants-respondents.
Booth, Lockard, Jack Pleasant & LeSage, John R. Pleasant, Van Hook, Pesnell and Van Hook, James A. Van Hook, Jr., John A. Van Hook, Shreveport, John A. Gordon, special counsel, Debra Millenson, William Rittenberg, New Orleans, James A. George, George, Lindsay & Seago, Baton Rouge, Vincent T. LoCoco, Richard M. Olsen, New Orleans, Taylor, Porter, *720 Brooks & Phillips, Frank M. Coates, Jr.; Glusman, Moore & Lopez, John F. Ward, Jr., Baton Rouge, amicus curiae.
TATE, Justice.
This mandamus suit was brought by residents of Orleans Parish to compel the parish school board to hold only open meetings as provided by statute. The district court entered judgment in favor of the plaintiff residents, but the court of appeal reversed. 264 So.2d 243 (La.App. 4th Cir. 1972). We granted certiorari, 262 La. 1102, 266 So.2d 424 (1972), to resolve differences of interpretation of our Public Meetings Law, La.R.S. 42:5 (first enacted as Act 484 of 1952).
This enactment provides: All meeting of public boards and governing bodies "shall be open to the public." La.R.S. 45:5.[1] However, upon formal motion and for specified time an open meeting may recess into a closed or executive session, provided no final action shall be taken during it and that an executive session "shall not be used as subterfuge to defeat the purposes" of the Public Meetings Law. La.R.S. 42:6.[2] Regular meetings shall be fixed as to time and place; in the event of deviation or of special meeting, adequate advance public notice shall be given. La.R.S. 42:7.[3] It is unlawful to hold public meetings in violation of these provisions. La.R.S. 42:8 (1952), now 42:9 (1972).
The `evidence indicates that the defendant school board conducts three types of meetings: (1) public meetings, in full compliance with the statute; (2) "conference sessions", with an agenda and minutes (notes), held without public notice and not open to the public; and (3) administrative and staff conferences of an informal nature, attended by one or more board members, at which purely administrative or highly sensitive matters were discussed for the exchange of views without a primary purpose of making a binding determination requiring board action.
From argument and brief of the plaintiff residents, we understand that they do not *721 seek to enjoin holding informal administrative or staff conferences, i. e., the (3) type of meeting described above. Their attack is centered upon the practice of the defendant board in holding "conference" meetings or sessions of the (2) type.
The trial court correctly summarized the evidence describing these meetings as follows: "The Orleans Parish School Board has consistently and routinely held so-called `conference meetings' either before or after its regular public meetings or at times separate from the dates on which the regular meetings were held. Admittedly, the public and press are excluded from these conference meetings which are clearly executive and private in nature and deal with a multitude of subjects. These meetings are scheduled in advance and written agenda are prepared and sent to the members of the Board; minutes are taken by the secretary which are later transcribed and copies are sent to the Board members. Furthermore, these closed and executive meetings have not been held during recesses from open meetings initiated by formal motions to that effect."
The trial court held that this was a type of meeting subject to the provisions of the Public Meetings Lawi. e., that such a meeting must be open to the public except when recessed into executive session as provided by such statute, and that it could be held only after adequate public notice. The trial court decree directed the board ". . . that henceforth it may only hold closed or executive meetings upon formal motion duly made, seconded and carried at an open meeting, recessing but not adjourning, the open meeting for this purpose in compliance with R.S. 42:5, et seq."
In reversing, our brethren of the court of appeal essentially held that the Public Meetings Law did not provide the exclusive method of holding closed or executive meetings. The court found that this legislation, merely permitting the board to recess from public into executive meeting, did not deprive the board of its implied or additional powers such as are necessarily and properly incident to performance of their statutory duties.
The crux of our intermediate brethren's reasons for refusing to enjoin the board from private meetings is perhaps set forth in the following quotation from its opinion:
"* * * We believe the right of the Board to meet in private with its administrative staff and others for the purpose of discussing school matters is one of its implied or additional powers.
"The key to the problem is the meaning of the word `meetings' as used in the quoted statutes. A meeting may be simply a coming together or a gathering for business, social or other purposes. If this were the meaning intended by the statutes, three (the number necessary for a quorum) or more of the Board members could not meet under any circumstances or for any purpose, even for discussion and exchange of views regarding preliminary and administrative matters, as the necessity for property acquisitions, renovation or repair, personnel action, litigation, planning budgets or agenda, and others, which require their consideration but which do not require official board action.
"We are satisfied the statutes intend no such crippling limitation. Such preliminary and administrative matters appear to be far too numerous for proper consideration only during recess of open meetings. * * *"
We do not disagree with the views there expressed, nor do the plaintiffs necessarily. Informal meetings for the exchange of views or in aid of day-to-day administration not requiring board action (the type (3) meeting above) may be a proper adjunct of school board membership. The plaintiffs do not contend such meetings fall within the purview of the regulation requiring a "meeting" of a board with policy *722 making and administrative functions to be open to the public.[4]
We do not agree, however, that administrative conferences or meetings of the (2) type above-described can be permitted to be held without compliance with the Public Meetings Law. These meetings include notice to the participants (only), agenda, minutes (notes), and semi-binding determinations by vote on many matters later requiring formal board action. They are a type of meeting which the statute requires to be open to the public, except where recessed into executive session in accordance with such statute.
Such meetings, held without public notice, are similar in nature to a regular or special meeting, except that the media and the public are not invited. Although the defendant school board was well motivated in holding such meetings in aid of its administration of a large public school system, nevertheless in our view the legislative determination must govern that such meetings can be held only after notice as to time and place and can exclude the public from executive session only under the circumstances limited by the statute.
The court of appeal held such meetings to be valid, as authorized (under the implied powers of the school board) by the board's rule: "The board shall meet in closed or executive session as a committee of the whole only to discuss property acquisitions, personnel actions, planning or other matters in which the interests of the school system or of individuals involved are such as to require confidential discussions. However, no final or binding action on any matters shall be taken in closed or executive session."
Whatever the right of the school board to adopt such a rule permitting executive sessions prior to the enactment of the Public Meetings Law in 1952, such law by its mandatory terms requires "all" meetings of boards with policy making or administrative functions to be held only with adequate advance notice as to time and place, and to be open to the public except solely as permitted by the statute to be recessed for a specified time into executive session.
We are unable to see the force of the argument that the title of the 1952 enactmentthat it was "to provide a method of calling and holding meetings" for public boardssomehow limited its mandatory terms that all such meetings be called and conducted only in accordance with its terms.
We therefore conclude, as did the trial court, that the type of conference meeting here described must be held as an open meeting under the Public Meetings Law, except as there authorized to be recessed into executive session. We therefore will reinstate the trial court decree, more fully describing the type of meeting (type (2) above) subject to the decree, so as to clarify the exclusion from the decree of the informal staff conference type of meeting (type (3) above).
We reverse the judgment of the court of appeal rejecting the plaintiffs' demands, and we reinstate the decree of the trial court making the writ of mandamus peremptory and directing the respondent board that henceforth it may not hold closed or executive meetings (1) for which there is an advance call, (2) for which together with the advance notice there is an agenda agreed upon consisting of a multitude of subjects, (3) at which polls (votes) are taken on the issues, and (4) at which notes (minutes) are made of the topics discussed and the polls (votes) are made[5], except upon formal motion duly made, seconded and carried at an open meeting, recessing but not adjourning the open meeting for this purpose in compliance with La.R.S. 42:5 et seq. The defendant board is taxed with all costs of these proceedings taxable to it by law.
*723 Court of Appeal judgment reversed; Trial court judgment reinstated as amended.
SUMMERS, J., concurs with reasons to be assigned.
MARCUS, J., recused.
SUMMERS, Justice (concurring).
The public at common law had no right to attend meetings of governmental bodies. In fact, Parliament from earliest times conducted its sessions in secrecy. The iniquitous Star Chamber proceeding had its role in history. It came to be realized in keeping with logic, reason and common sense that full publicity of proceedings was an important influence in promoting proper conduct of public officials. In time the public meeting has come to be recognized as a fundamental aspect of effective government and an informed electorate.[1]
In an attempt to require governmental bodies to conduct their affairs openly, public meeting statutes have been enacted. The passage of open meeting statutes is one of the achievements of a broader campaign, spearheaded primarily by the American press, to promote freedom of information. The freedom-of-information campaign is based on the argument that public knowledge of the considerations upon which governmental action is based, as well as knowledge of the final action taken, is an essential component of the American process.[2]
The Supreme Court of the State of Florida has held:
"The right of the public to be present and to be heard during all phases of enactments by boards and commissions is a source of strength in our country. During past years tendencies toward secrecy in public affairs have been the subject of extensive criticism. Terms such as managed news, secret meetings, closed records, executive sessions, and study sessions have become synonymous with `hanky panky' in the minds of the public-spirited citizens. One purpose of the Sunshine Law was to maintain the faith of the public in governmental agencies. Regardless of their good intentions, these specified boards and commissions, through devious ways, should not be allowed to deprive the public of this inalienable right to be present and to be heard at all deliberations wherein decisions affecting the public are being made." Board of Public Instruction v. Doran, 224 So.2d 693, 699 (Fla.1969).
Public meeting statutes espouse a laudable goal. Top level commissions and committees, boards and councils examine and determine basic governmental policies. Though their decisions usually are effectively made known to the community, intelligent evaluation of the operation of any body requires that the premises on which decisions are based also be made public. To this end, the Louisiana Legislature has enacted the Public Meetings Law. Indeed, by 1971 a total of 38 states had enacted some form of open meeting legislation in an attempt to insure public access to meetings of state and local governing bodies. But despite that legislative initiative, public access to the decision making process is sometimes frustrated, with most complaints arising at the local level. There is too often a tendency to secrecy in such proceedings.[3]
Legislatures have had difficulty with defining the activities which should take place at "public meetings"; finely drawn lines invite evasion. It is frequently discovered that there are numerous expedients whereby a local government can avoid any actual *724 infringement of a public meeting act, yet completely disregard its spirit.
The problem should not be seen as one of drafting a statutory definition or judicial interpretation that can cover all situations where public gatherings are required. Public meeting legislation is not designed to fix the boundaries of public activity of officials. Rather, it is designed to remind them that they have a public responsibility and to encourage them to act openly when they might tend to be secretive.[4]
Public meeting legislation is desirable for its educational effect, rather than its effect as a legal weapon. The statutes should be viewed primarily as serving to exemplify a public attitude, a mandate to the officeholder that the people favor and insist upon open meetings. Compliance should properly depend not upon rulings of this Court, but upon the good faith of public officials and upon their respect for the electorate whom they serve.[5]
NOTES
[1] La.R.S. 42:5: "All meetings of town and city councils, police juries and other governing bodies; school boards and boards of levee and port commissioners; boards of publicly operated utilities; and all state, parish, district or municipal boards or authorities with policy making or administrative functions which receive or expend tax funds, the Legislature specifically exempted, shall be open to the public."
[2] La.R.S. 42:6: "Upon formal motion made, seconded and carried, such councils, police juries, governing bodies, boards or authorities may recess to a specified time, but not adjourn, open meetings for closed or executive meetings provided no final or binding action shall be taken during such closed or executive recesses and that they shall not be used as a subterfuge to defeat the purposes of this R.S. 42:5, 42:7 and 42:8."
[3] La.R.S. 42:7: "All such councils, police juries, governing bodies, boards or authorities, except the legislature, shall fix the time and place of regular meetings, and in the event of deviation from the fixed time and place of meeting, or in the event of special meetings, advance public notice shall be given by legible notices posted on a bulletin board or other prominent place at the domicile, and place at which the meeting is to be held if different from domicile, of the council, police jury, governing body, board or authority calling such meeting, and by such other means as are consistent with circumstances. In the case of a special meeting or of a change in time or location of a regular meeting, the presiding officer of the meeting of the public body shall give the news media, which have requested notice and have given their telephone numbers and addresses, notice of the times and places of such meeting at least two hours prior to said meeting except in cases of dire emergency. The notice to be given of special meetings or changes in time or location of a regular meeting may be given by telephone or telegram; provided that any news media which has requested notice shall be conclusively presumed to have consented to payment of charges of the telephone call or telegram providing the notice. This section shall be construed by way of extension and not limitation with respect to any existing law upon this subject matter." (The italicized language was added by amendment of Act 669 of 1972.)
[4] In brief, the plaintiffs suggest that the "meetings" regulated by the statute must be of a nature (a) requiring notice (b) to a specific membership, with (c) a purpose or agenda.
[5] We are indebted to counsel for the plaintiffs-relators for suggesting at oral argument these criteria as describing the type of meeting sought by these parties to be held subject to the Public Meetings Law.
[1] Note, Open Meeting Statutes: The Press Fights for the Right to Know, 75 Harv.L.Rev. 1199, 1203 (1962).
[2] Comment, The Iowa Open Meetings Act: A Right Without a Remedy, 58 Iowa L.Rev. 210 (1972).
[3] F. Thayer, Legal Control of the Press (1962).
[4] Comment, Access to Governmental Information in California, 54 Calif.L.Rev. 1650, 1656 (1966).
[5] See note 1 supra, p. 1216.