Dear Mr. Durand:
Your opinion request under letter dated April 21, 1992, has been assigned to me for research and reply. The issue presented for our determination is the applicable procedure for the enactment of a "term limitation" for police jurors. Inherent in your inquiry are the following two issues: may the police jury by ordinance (1) decrease the term of a police juror, or (2) limit the number of terms a police juror may serve.
The relevant provisions of LSA-R.S. 33:1221 state, in pertinent part:
 ". . . Police jurors shall be elected at the state general election and shall serve for terms of four years. . . .". LSA-R.S. 33:1221; (Emphasis added).
There is no statute which limits the number of terms which a police juror may serve. For our determination is whether or not the police jury is empowered to pass an ordinance changing the term of the office, or limiting the number of terms which a juror may serve. For the following reasons, we conclude that such an action by the police jury is not allowable.
Police juries, being creatures and subordinate political subdivisions of the state, have only those powers as are conferred on them by the constitution and laws of the state. Rollins Environmental Services, Inc., v. Iberville Parish Police Jury, 365 So.2d 497 (La.App. 1st Cir. 1978); Disposal Systems, Inc. v. Calcasieu Parish School Board, 243 So.2d 915, (La.App. 3rd. Cir. 1971).
The enabling statute which dictates the powers of the police jury is LSA-R.S. 33:1236. This statute does not grant to the police jury the authority to limit the term or number of terms of a police juror. An ordinance passed beyond those powers delegated to the police jury by the constitution or the legislature is prohibited. We conclude that an ordinance passed by the St. Martin Parish Police Jury changing the term or limiting the number of terms of a police juror is contrary to existing law.
The St. Martin Parish Policy Jury may seek to limit the term or number of terms by legislative amendment to the existing enabling statute. An alternative for the police jury to consider would be the adoption of a home rule charter form of government pursuant to LSA-Const. Art. 6, Section 5 (1974); LSA-R.S. 33:1395. Judges are the only public offices whose terms may not be curtailed pursuant to state statute. State ex. rel. Garland v. Guillory, 185 La. 329, 166 So. 94 (1936). A home rule charter government possesses, in affairs of local concern, powers which within its jurisdiction are as broad as those of the state, except when limited by the constitution or its own home rule charter. Francis v. Morial, 455 So.2d 1168
(La. 1984). The home rule charter could provide for the limitation of terms of a member of its council.
If you have any questions regarding this matter, please contact our office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/ams 0076E