Dear Mr. Laiche:
Your opinion request dealt with a proposed drug testing policy to be adopted by the Assumption Parish Police Jury. The specific question is,
 "Who would be considered as an employee of the police jury and as such, covered by the policy."
Examples of potential employees in your question are; library employees, County Agents Office, Registrar of Voters, Coroner, police jurors, Justices of the Peace, Constables and Assistant District Attorneys.
The basis for your concern is that all of the above persons receive at least part of their salary from the Police Jury.
The powers of the Police Jury are set forth in Louisiana statutes at L.S.A. R.S. 33:1236,
 The police juries and other parish governing authorities shall have the following powers:
That section contains fifty five (55) specific grants of power to police juries.
Police juries have only those powers specifically delegated to them by the Legislature and can legally exercise no other powers than those delegated to them, Disposal Systems, Inc. v. Calcasieu Parish School Board, 243 So.2d 915, App. 1971.
L.S.A. R.S. 33:1236 (51) states that the police jury may "enact ordinances defining parish employees and delineating the rights, duties and privileges of parish employees.
This statute provides a broad authorization for police juries to deal with employee matters. Louisiana's drug testing law, L.S.A. R.S. 49:1001-1015 allows at R.S. 49:1015, the testing of public employees under the circumstances set forth therein. Clearly, a police jury may provide for drug testing of its employees. The question and your question is, who are its employees. The fact that part of a person's salary is paid with police jury funds is not the controlling factor.
The statute allowing drug testing states in pertinent part as follows:
R.S. 49:1015 Public Employee Drug Testing
 A. A public employer may require, as a condition of continued employment, samples from his employees to test for the presence of drugs following an accident during the course and scope of his employment, under other circumstances which result in reasonable suspicion that drugs are being used or as a part of a monitoring program established by the employer to assure compliance with terms of a rehabilitation agreement.
 B. A public employer may require samples from prospective employees, as a condition of hiring, to test for the presence of drugs.
 C. A public employer may implement a program of random drug testing of those employees who occupy safety-sensitive or security-sensitive positions.
 D. Any public employee drug testing shall occur pursuant to a written policy, duly promulgated, and shall comply with the provisions of this Chapter.
Any drug testing policy is limited to the circumstances set forth above. The statute also defines employee at L.S.A. R.S.49:1001(7), "Employee" means any person, paid or unpaid, in the service of an employer, as defined in Paragraph (8) of this section, which states in pertinent part:
 (8) "Employer" means any person, firm, or corporation; including any governmental entity, that has one or more workers or operators employed, or individuals performing service, in the same business, or in or about the same establishment, under any contract of hire or service, expressed or implied, oral or written. . . .
The police jury is the governing authority of the Parish of Assumption. Its employees are those persons who work for the police jury itself not those that are partially funded by parish funds. We have not been provided a list of those who work for the Police Jury. We therefore chose to address your request by stating those persons who do not work for the Police Jury.
The employees of constitutional officers work for those officers, not the police jury. This excludes the District Attorney's office, Coroner, and Registrar of Voters, Justices of the Peace and Sheriffs. We offer no opinion regarding library employees or county agents. In sum, only those employees who directly work for the Jury can be included in any plan.
They must be "workers or operators employed, or individuals performing service, in the same business, or in or about the same establishment."
Your question is a complicated one. The police jury should, after consultation with its attorneys, promulgate a written policy delineating in that policy who is covered by the policy.
We hope the foregoing has been helpful to your inquiry and remain,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JAMES M. ROSS Assistant Attorney General
RPI/JMR:vrr