303 So.2d 195 (1974)
D. J. TALLEY & SON, INC., et al.
v.
CITY OF NEW ORLEANS et al.
No. 6417.
Court of Appeal of Louisiana, Fourth Circuit.
November 7, 1974.
*196 Harold J. Zeringer, Jr., Zeringer & Zeringer, New Orleans, for D. J. Talley & Son, Inc., and others, plaintiffs-appellants.
Blake G. Arata, City Atty., Joseph H. Hurndon, Jacob Taranto, III, Asst. City Attys., for City of New Orleans, and others, defendants-appellees.
Before SAMUEL, REDMANN and BOUTALL, JJ.
BOUTALL, Judge.
This is a petition for mandamus by the low bidder on a public works project seeking to order the governmental authority and certain officers thereof to award the contract for the advertised work to petitioner.
The stipulated facts are that the City of New Orleans desired to construct a public work known as Louis Armstrong Park, and in accordance with certain plans and specifications advertised for bids for Phase I thereof, Site Clearing and Utilities. D. J. Talley & Son, Inc. submitted the lowest bid for this project. A dispute arose when the next lowest bidder protested that Talley's bid was irregular and that Talley was not a properly qualified bidder. The City thereupon considered entering a contract with the next lower bidder, but upon protest by Talley did not do so. A meeting was held by all the interested parties and as a result of that meeting the City and its representatives determined that although Talley was the low bidder and properly qualified, there were uncertainties in the bid specifications which gave rise to possible litigation and the City rejected all bids. This mandamus suit followed.
In response to the suit, the defendants filed exceptions of no cause of action based upon the general proposition that the action sought to be compelled is not a ministerial duty of the defendants, and upon the lack of authority under the law for these defendants to perform such an act. The exceptions were referred to the merits and a stipulation of fact basically as outlined above was entered into. The trial judge rendered judgment maintaining the exceptions and at the same time dismissed the suit on the merits. On this appeal, the defendants-appellees have filed a motion to dismiss the appeal as moot on the ground that after the issues arose between the parties, the project, together with other works, had been readvertised and a contract let to the successful bidder, who has performed the work called for under the contract in question.
Considering this procedural posture, we prefer to render judgment on the merits because of the issues involved herein, and thus conclude the dispute with finality. To do otherwise would perhaps cause us to remand for amendment to include additional parties [See Firemen's Pension and Relief Fund v. Sudduth, 276 So.2d 727 (La.App. 3rd Cir. 1973)] or alternatively for additional evidence as to those events which took place after the initial dispute, which would only serve to postpone the decision of this court and prolong litigation. C.C.P. Article 2164.
It is the contention of the appellant that L.R.S. 38:2211 requires that all contracts advertised under its provisions "shall be * * * let * * * to the lowest responsible bidder who has bid according to the contract, plans and specifications as advertised"; that this constitutes a mandatory and ministerial duty upon the public officials to award the contract to the appellant as lowest bidder. In support of this proposition appellant refers us to the *197 case of Disposal Systems, Inc. v. Calcasieu Parish School Board, 243 So.2d 915 (La. App. 3rd Cir. 1971). In opposition, the appellees contend that R.S. 38:2212 grants to the governing authority the right to reject any and all bids. We conclude that the award of a contract based solely on submission of the lowest bid is not a mandatory and ministerial duty, and that under the facts herein the defendants properly rejected all bids.
"Mandamus is defined by Article 3861, Code of Civil Procedure:
"Art. 3861. Definition
"Mandamus is a writ directing a public officer or a corporation or an officer thereof to perform any of the duties set forth in Articles 3863 and 3864."
"As directed to a public officer, Article 3863, Code of Civil Procedure, sets forth the duties which said officer may be compelled to perform:
"Art. 3863. Person against whom writ directed.
"A writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law, * * *."
"The Official Revision Comments of L.S.A.-C.C.P. Article 3863 states:
"(b) The following rules established by the jurisprudence are retained:
"Mandamus will issue only when there is a clear and specific right to be enforced or a duty which ought to be performed. It never issues in doubtful cases. It may be used only to compel the performance of purely ministerial duties. State ex rel. Hutton v. City of Baton Rouge, 217 La. 857, 47 So.2d 665 (1950); State ex rel. Loraine, Inc. v. Adjustment Board, 220 La. 708, 57 So.2d 409 (1952)."
The clear language of L.R.S. 38:2212 states the following in pertinent part: "The governing authority may reject any and all bids." This law does not impose any limitation upon the governing authority in its rejection of all bids. The purpose of the public contracts law is to protect tax paying citizens against contracts of public officials entered into because of favoritism and involving exorbitant prices. Boxwell v. Department of Highways, 203 La. 760, 14 So.2d 627 (1943); Smith v. Town of Vinton, 216 La. 9, 43 So.2d 18 (1949); Bartley, Inc. v. Town of Westlake, 237 La. 413, 111 So.2d 328 (1959). To require the governing authority to enter a contract simply because it has advertised for bids would certainly destroy its ability to achieve a fair price within the budgeted amount of the project.
When a contract is awarded, it must be awarded to the lowest responsible bidder, but the court has no power to require the acceptance of a bid, and the court recognizes the right of the governing authority to reject all bids. The Supreme Court in the case of Sternberg v. Board of Commissioners, 159 La. 360, 105 So. 372 (1925), in discussing a similar statute stated the following:
"The case is clearly with the plaintiff on the merits. Section 2 of Act 249 provides that drainage and other public boards `"shall meet at the time and place set and in open session shall receive, open and read all bids and shall then and there award said bids to the lowest possible bidder, provided they shall have the right to reject any and all bids and proposals and readvertise for same."' This section makes it the mandatory duty of a public board, at the time the bids are opened, `"then and there to award said bid to the lowest possible bidder."'
"The only alternative that a public board has under the statute is to reject any and all bids and readvertise for same." 105 So. 373.
See also Housing Authority of Opelousas v. Pittman Construction Company, 264 F. 2d 695 (U.S. Appeals 5th Cir. 1959).
*198 The case of Disposal Systems, Inc. v. Calcasieu Parish School Board, supra, is not pertinent to the inquiry here. In that case the governing authority had awarded the contract and the relief sought was only to require the president to execute the contract that the board had already awarded. That court was very careful to point out that the issue there involved was not the awarding of the contract, but simply the ministerial function of signing the contract.
For the foregoing reasons we are of the opinion that the judgment of the trial court appealed from is correct and accordingly we affirm that opinion. Costs of the appeal to be borne by appellant.
Affirmed.