GULOTTA, Judge.
In this appeal, the defendant School Board claims the trial judge erroneously awarded to plaintiff, a food supplier, damages for loss of profits because of the School Board’s failure to award to plaintiff a bid for food supplies.
The Food Service Department of the School Board put out for bid a contract for the purchase of meat to be supplied from January 2 through February 2, 1973. The instructions supplied by the department stated:
“Sealed quotations will be received in the office of the Director, Food Service Department until 1 o’clock p. m. December 11, 1972 . . ..”
The instructions further provided:
“No quotation will be accepted after this time under any condition whatsoever.”
Pursuant to these instructions, plaintiff, along with two other meat suppliers, submitted bids to the Food Service Department prior to the stated deadline. In the presence of plaintiff and the other suppliers, precisely at 1:00 p. m. on the designated date, the bids were opened and plaintiff’s bid was the lowest of the three submitted. After an elapsed time of approximately 20 or 30 minutes required for the opening of the bids, and while certain aspects of plaintiff’s bid were being calculated by the buyer supervising the placement of the bids, an additional, sealed (fourth) bid was discovered. This bid had been timely mailed and received by the School Board between 10:30 and 11:00 a. m. on the designated date but a School Board employee had inadvertently sent it to the Purchasing Department instead of the office of the Director, Food Service Department. For that reason, the bid had not been received by the Food Service Department until approximately 20 or 30 minutes subsequent to the 1:00 p. m. deadline established for submission of bids. This fourth bid was determined to be the lowest and this supplier was awarded the contract. Thereafter, this suit followed, resulting in a judgment in favor of plaintiff *299 in the sum of $4,330.00, the amount of profits lost because of the School Board’s failure to award the contract to plaintiff.
In written reasons for judgment, the trial judge stated that the fourth bid should not have been considered because it was untimely, having been received by the Food Service Department after the 1:00 p. m. deadline unambiguously set forth in the instructions accompanying the request for written bids. Finding that the plaintiff’s bid was the lowest of the three timely bids received, the trial judge concluded that a contract existed between plaintiff and the School Board, and that the Board’s awarding of the contract to the fourth bidder constituted a breach, entitling plaintiff to recovery of damages. In this regard, the trial judge stated:
“The Court is of the opinion that there was a binding contract between Mr. La-cassagne and the Food Service Department. * * * ”
“Provided that the offerer or bidder was responsible and his bid met the required specifications (which all of the bids did), the contract must be awarded to the lowest of the bidders. The bidders were present and the Director of the governing authority was present. It was recognized by all of the participants that Mr. Lacas-sagne’s offer was the ‘winner’. He was congratulated by those present, and it is the opinion of the Court that at that time Mr. Lacassagne’s offer was accepted by the Food Service Department. There was a meeting of the minds and all parties were bound at that moment. The contract had its inception in the award as distinguished from the formal Notice of Acceptance which was to take place on a later date.”
On appeal, defendant contends that the trial court erred in determining that a contract came into existence at the time the sealed bids were opened at 1:00 p. m. and plaintiff was determined to be the lowest bidder. Assuming, for the purposes of argument, that the fourth bid was indeed untimely, the Board further argues that the trial judge erroneously permitted an award for loss of profits when plaintiff’s proper remedy under such circumstances would have been to enjoin the School Board from awarding the bid to the fourth bidder or to compel the Board to award the contract to plaintiff. We agree.
Without reaching the question whether the fourth bid was timely submitted, we find as a matter of law that no contract existed between plaintiff and defendant. Consequently, because the remedy sought by plaintiff is one for damages arising from a breach of contract, we deny relief.
The mere submission of the lowest bid for a public contract does not, in and of itself, create a contract between the bidder and the public body. LSA-R.S. 38:2211 and LSA-R.S. 38:2212 provide, in pertinent part:
§ 2211. Advertisement and letting to lowest responsible bidder
“A. (1) All public work exceeding the sum of five thousand dollars including both labor and materials to be done by the state of Louisiana, any public corporation or political subdivision of the state and all purchases of materials or supplies exceeding the sum of two thousand five hundred dollars to be paid out of public funds shall be advertised and let by contract to the lowest responsible bidder who had bid according to the contract, plans and specifications as advertised, and no such public work shall be done and no such purchase shall be made except as provided in this Part. * * * ”
§ 2212. Designation of time and place for opening bids; right to reject bids
“The governing authority desiring to let a contract for the purchase of materials or supplies, or for the construction of public works, shall, in its resolution providing for the contract or purchase and for the advertisement for bids, designate the time and place that the bids will be opened and the contract let; and shall at the place and time specified open the bids and let the contract. The governing authority may reject any and all bids.”
Interpreting this statutory language in D. J. Talley & Son, Inc. v. Gity of New *300 Orleans, 303 So.2d 195, 197 (La.App. 4th Cir. 1974), we stated:
“When a contract is awarded, it must be awarded to the lowest responsible bidder, but the court has no power to require the acceptance of a bid, and the court recognizes the right of the governing authority to reject all bids. * * * ”
In the event, as in our case, the public body chooses not to reject all bids, the statute imposes upon it the mandatory duty to award the contract to the lowest bidder. The opening and recordation of the lowest bid is a prerequisite to the subsequent award of the contract but does not create the contract itself.
In the instant case, bids were made on four chilled meat items.[1] Mrs. Shelby Elliott, a buyer in the Food Service Department who conducted the bidding, testified after the bids were received she calculated the bids on the items to ascertain which bid was the lowest one. It was during the time that calculations were being made in her office that the fourth, low bid was discovered. The contract was subsequently awarded to this fourth, low bidder and not to plaintiff.
Plaintiff testified that notices of acceptance of bids are ordinarily sent out to the lowest bidder. Lacassagne acknowledged that no one from the School Board had advised him that he had been awarded the contract. Notice of acceptance was sent out by the Director of the Food Service Department to the lowest bidders, including the fourth bidder. No notice was sent out to plaintiff advising that his bid had been accepted. Evidence in the record indicating that plaintiff’s bid was the lowest at the 1:00 p. m. opening and that plaintiff was congratulated by his competitors does not constitute an award of the contract to plaintiff.
An action for breach of contract presupposes the existence of a contract. We conclude, under the circumstances, no contract has been awarded to plaintiff, and consequently he is not entitled to recovery based on breach of contract.
Assuming arguendo that plaintiff’s bid was the lowest timely one submitted, the proper vehicle for relief, under the circumstances of the instant case, would have been a suit to enjoin the Board from awarding the contract to the fourth bidder and to compel the Board to award it to plaintiff.
Accordingly, the judgment of the trial court in favor of plaintiff and against defendant is reversed. Judgment is now rendered dismissing plaintiff’s suit at his cost.
REVERSED AND RENDERED.

. These four items were broken down into seven categories.