REDMANN, Judge.
When plaintiff’s low bid was rejected by defendant levee board on the ground that defendant contractors licensing board had ruled that plaintiff’s Class 1 construction license would not license him to demolish a bridge over Bayou St. John at the New Orleans lakefront, plaintiff obtained an injunction on July 14, 1980, obliging defendant to award the contract to plaintiff.
The second-low bidder, Stephen Lambert, obtained on July 29 an order of intervention and for a suspensive appeal which defendant in October moves to dismiss. Thereafter both levee and contractor boards perfected devolutive appeals. Meanwhile, however, before Lambert appealed, the levee board had on July 16 acquiesced in the injunction and awarded the contract to *420 plaintiff according to a resolution by the levee board attached to its motion to dismiss.
Under those circumstances, all appeals must be dismissed. The levee board could not have appealed (see La.C.C.P. 2085 [1]). The contractors board is but a surplus defendant, whose nominal interest in this matter has become moot. The second-low bidder’s intervention and suspensive appeal, coming after the principal defendant had acquiesced in the judgment and awarded the contract to plaintiff, came too late to keep this lawsuit alive. One can only intervene in a “pending action,” C.C.P. 1091, and this action was no longer pending. And a suspensive appeal cannot suspend the execution of a judgment which was already executed by the parties before the appeal was requested: there is nothing left to suspend.
The levee board in its motion to dismiss notes that the greatest interest in this matter lies with the public who will pay for the cost of public contracts and who meanwhile are forced to the inconvenience of a bridge’s being out and the consequent detour. For that reason, the levee board asserts that it intends to reject all bids and start anew so as to save the time that this appeal will otherwise consume. We sympathize with the levee board’s position, but we can not consider its actions subsequent to the appeal.
We dismiss the appeals of the second-low bidder and of the levee board and the contractors board on the ground that the levee board’s acquiescence in the judgment by awarding the contract to plaintiff terminated this injunction proceeding. The second-low bidder may have other rights to a review of the question of whether the low bidder should have been disqualified, but not in this injunction proceeding to which he was never a party prior to its termination.
Appeals dismissed.

. “An appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him.. .. ”