GARRISON, Judge.
This appeal was reinstated by a panel consisting of Judges Redmann, Garrison and Barry, upon an application for rehearing when it was discovered that the court’s prior opinion[1] on a motion to dismiss failed to address the disposition of the claim of intervenor-appellant, Stephen J. Lambert.
On May 21,1980, the Levee Board passed a resolution stating: “BE IT HEREBY RESOLVED, That the Board accept the lowest applicable bid prior to the 90 day time limit if the State funds are not available.” (emphasis added).
At the time that the resolution was passed, the two lowest bidders had been O.J. Donahue Construction Co. and Stephen Lambert. The State Licensing Board for Contractors had concluded that Donahue did not possess the proper license for the job at issue. On July 14, 1980, the district court ordered the Board to award the contract to Donahue, finding that Donahue was properly licensed for the job. On July 29, 1980, Lambert intervened and was granted a suspensive appeal.
On August 20, 1980, the Board issued a resolution rejecting all bids. The August 20th resolution contains a statement that the Board had previously accepted Donahue’s bid on July 16, 1980, but there is no proof of any acceptance other than the August resolution and Donahue’s statement that the contract was awarded to them by telephone. The contract was never signed.
On appeal Lambert argues that:
1. When a contract is awarded, it must be awarded to the lowest responsible bidder. D. J. Talley & Sons v. City of New Orleans, 303 So.2d 195 (La.App. 4th, 1974).
2. The trial judge erred in failing to find Lambert the lowest responsible bidder.
R.S. 38:2214 gives the Board the power to reject bids, however, in the instant case the Board had already awarded the contract prior to rejecting the bids. In Disposal Systems, Inc. v. Calcasieu Parish School Board, 243 So.2d 915, 920 (La.App. 3rd, 1971) the Third Circuit found that once the contract had been awarded, the appointing authority could not reject the bid. In Disposal, no written contract had been executed. The Third Circuit Court ordered the President of the Calcasieu Parish School Board to sign the contract already awarded.
The instant suit, however, is distinguishable from Disposal. In Disposal, the contract was awarded prior to the institution of suit, whereas in the instant appeal, the contract was “awarded” after judgment so that the Levee Board would be in accordance with the trial court judgment.
The issue before this court is: Did the trial court exceed the scope of its discretion by ordering that the contract be awarded to Donahue? We find that it did. R.S. 38:2214 provides that “. .. The public entity may reject any and all bids.” In D.J. Talley & Sons, Inc. v. City of New Orleans, 303 So.2d 195 (La.App. 4th, 1974) the panel of Judges Samuel, Redmann and Boutall, stated as follows:
*423 "... To require the governing authority to enter a contract simply because it has advertised for bids would certainly destroy its ability to achieve a fair price within the budgeted amount of the project.
When a contract is awarded, it must be awarded to the lowest responsible bidder, but the court has no power to require the acceptance of a bid, and the court recognizes the right of the governing authority to reject all bids. The Supreme Court in the case of Sternberg v. Board of Commissioners, 159 La. 360, 105 So. 372 (1925), in discussing a similar statute stated the following:
‘The case is clearly with the plaintiff on the merits. Section 2 of Act 249 provides that drainage and other public boards ‘“shall meet at the time and place set and in open session shall receive, open and read all bids and shall then and there award said bids to the lowest possible bidder, provided they shall have the right to reject any and all bids and proposals and readvertise for same.” ’ This section makes it the mandatory duty of a public board, at the time the bids are opened. ‘ “Then and there to award said bid to the lowest possible bidder.” ’
‘The only alternative that a public board has under the statute is to reject any and all bids and readvertise for same.’ 105 So. 373.
See also Housing Authority of Opelousas v. Pittman Construction Company, 264 F.2d 695 (5th Cir. 1959).”
Having thus concluded that the trial court abused its discretion in ordering that the contract be awarded to Donahue, we further find that the August 20,1980 action of the Board rejecting all bids must be maintained.
For the reasons discussed, the judgment of the district court is vacated, annulled and set aside.

VACATED, ANNULLED & SET ASIDE.

. See Donahue v. Board of Levee Commissioners, et al., 407 So.2d 419 (La.App. 4th, 1980).