413 So.2d 488 (1982)
Oliver J. DONAHUE d/b/a O. J. Donahue Construction Company
v.
BOARD OF LEVEE COMMISSIONERS OF the ORLEANS LEVEE DISTRICT, et al.
Nos. 81-C-2761, 81-C-2762.
Supreme Court of Louisiana.
April 5, 1982.
Art J. Lentini, and Stephen T. Wimberly, of Hall, Lentini, Mouledoux & Wimberly, Metairie, for plaintiff-applicant in No. 81-C-2761 and for defendant-respondent in No. 81-C-2762.
Richard J. McGinity, of McGinity & McGinity, Gordon F. Wilson, Jr., of Dodge, Friend, Wilson & Spedale, Gary L. Keyser, Asst. Atty. Gen., A. Kell McInnis, III, Staff Atty., New Orleans, for defendants-respondents in No. 81-C-2761.
H. Bruce Shreves, and Lloyd N. Shields, of Simon, Peragine, Smith & Redfearn, New Orleans, for plaintiffs-applicants in No. 81-C-2762 and for defendants-respondents in No. 81-C-2761.
Richard J. McGinity, of McGinity & McGinity, Gordon F. Wilson, of Dodge, Friend, Wilson & Spedale, Gary L. Keyser, *489 Asst. Atty. Gen., A. Kell McInnis, Staff Atty., New Orleans, for defendant-respondent in No. 81-C-2762.
MARCUS, Justice.
This action involves a dispute over the letting of a contract to demolish a bridge under the public contracts law.
The Board of Levee Commissioners of the Orleans Levee District sought to demolish the Bayou St. John bridge on Lakeshore Drive in New Orleans and, in accordance with the public contracts law,[1] advertised for bids. On April 29, 1980, the sealed bids were opened. Oliver J. Donahue, d/b/a O. J. Donahue Construction Company, was the lowest of seven bidders. The next lowest bid, which was $26,860 higher than the Donahue bid, was submitted by Stephen Lambert, d/b/a Stephen Lambert, Contractor.[2] On April 30, 1980, the State Licensing Board for Contractors notified the Levee Board that Donahue did not, in its opinion, have the appropriate contractor's license. It advised the Levee Board that either a "Class II" or "Class VII" license was necessary, rather than a "Class I" license such as was held by Donahue. Based on this information, the Levee Board passed a formal resolution on May 21, 1980, rejecting Donahue's bid and acknowledging that Lambert, the second lowest bidder, had agreed to extend his bid for an additional thirty days or a total of ninety days from the date of the bid opening.
Donahue instituted this action against the Levee Board and the Contractors Board to enjoin the Levee Board from awarding the contract to demolish the bridge to anyone other than plaintiff and for a declaratory judgment on the validity of the opinion of the Contractors Board concerning the sufficiency of plaintiff's license. Vaughn intervened in opposition to both plaintiff and defendants alleging that since neither Donahue nor Lambert possessed the proper license or qualifications to perform the work contemplated by the contract, the Levee Board should award the contract to intervenor. After a hearing, the trial court enjoined the Levee Board from awarding the contract to anyone other than Donahue and ordered said Board to award the contract to Donahue. The court further ordered that the opinion expressed by the Contractors Board be annulled insofar as it held that Donahue was not properly licensed or classified to perform the project. The judgment was signed on July 14, 1980. Two days later (July 16), the Levee Board, pursuant to said judgment, awarded the contract to Donahue.
On July 29, 1980, within the delay for taking an appeal from a preliminary injunction,[3] Lambert was granted permission to *490 intervene and take a suspensive appeal.[4] As a result of this action, the Levee Board became concerned about the additional delay involved and, in an effort to expedite the matter, formally adopted a resolution on August 20, 1980, rejecting all bids and ordering that the project be readvertised.[5] Subsequently, both the Levee Board and the Contractors Board perfected devolutive appeals.
The Levee Board filed a motion to dismiss all appeals because of mootness created by the action of the Board on August 20, 1980 rejecting all bids on the project. The court of appeal dismissed all appeals on the ground that the Levee Board acquiesced in the injunction by awarding the contract to Donahue on July 16.[6] The court of appeal then granted a rehearing[7] and held on rehearing that the trial court abused its discretion in ordering that the contract be awarded to Donahue and that the August 20, 1980 action by the Levee Board rejecting all bids be maintained. Therefore, it vacated the judgment of the district court.[8] We granted the applications of both Donahue and Lambert to review the correctness of that decision.[9]
The issues presented for our determination are: (1) whether the Levee Board was correct in rejecting the bid of Donahue, who was otherwise the lowest responsible bidder, because he was not properly licensed and (2) whether, once the Levee Board had accepted Donahue's bid, it could thereafter reject all bids.
La.R.S. 37:2150-63 set out the procedure for licensing contractors and La.R.S. 37:2156.1(c) establishes the following major classifications of licenses:
(1) Building construction
(2) Highway, street and bridge construction
(3) Heavy construction
(4) Municipal and public works construction
(5) Electrical work
(6) Mechanical work
(7) SpecialtyA contractor performing work other than in the above major classifications must qualify as a specialty contractor in a subclassification as provided for in R.S. 37:2156.2 hereafter.
All parties agree that categories 3 through 6 are not relevant here. They do not agree, however, on which one of the remaining three categories (1, 2 and 7) is the proper one for the demolition of a bridge. La.R.S. 37:2156.2 lists the subclassifications of each major classification and provides in pertinent part:
I. Building construction
. . . .
19. Rigging, house moving, wrecking and dismantling
. . . .
II. Highway, Street and Bridge Construction
. . . .
12. Concrete bridges, over and underpasses

*491 . . . .
[VII]. A person may obtain a specialty classification under any of the above listed subclassifications or under any other subclassification not so listed in which he is presently performing work.
La.R.S. 37:2159 provides:
A. The board before issuing a license to any contractor, shall state the contractor's classification on such license, according to the classification requested by said contractor and for which he has completed all of the requirements.
B. After classification, the licensee shall not be permitted to bid or perform any type or types of work not included in the classification under which his license was issued.
C. After classification as above provided for, the licensee is restricted in his bidding and his construction, to his proper classification. However, a licensee may apply for and receive additions to or changes in his classification by making application therefor, successfully completing the written examination, and paying the required fees. Additions or changes to an existing license shall become effective after completion of the above requirements, and upon board approval at the next regularly scheduled meeting.
. . . .
La.R.S. 38:2212, at the time Donahue's bid was submitted, provided in pertinent part:
All public work exceeding the sum of ten thousand dollars ... shall be advertised and let by contract to the lowest responsible bidder who had bid according to the contract, plans, and specifications as advertised.... (Emphasis added.)
There is no dispute that Donahue submitted the lowest bid and that but for the question of whether he possessed the proper license to bid on the job he would have been the lowest responsible bidder. It is argued that Donahue did not have the proper contractor's license; therefore, he was not a "responsible" bidder and the Levee Board correctly rejected his bid. We do not agree.
Donahue had a Class I (Building construction) license. This classification is the only one that lists "wrecking and dismantling," the type of work involved in the demolition of the bridge in question. While Class II license includes "bridge construction," it does not mention demolition. Therefore, Donahue was under the impression that he had the proper license to bid on the job. On the other hand, the Contractors Board considered that the appropriate license for the project was either a Class II (Highway, street and bridge construction) or a Class VII (Specialty) license. The consulting civil engineer retained by the Levee Board for the project was uncertain as to which classification of licenses was necessary. Moreover, the bid plans and specifications did not list the class of license required to bid on the job. Nor had the Contractors Board promulgated any regulation under its rule-making authority[10] to cover the situation. Additionally, the assistant director of the Contractors Board testified that, by custom, a Class VII specialty license authorizes an already-licensed contractor to demolish any kind of structure regardless of whether it falls within his license classification. He further stated that a Class I license holder, such as Donahue, could obtain a Class VII license by merely applying for it and paying the $50 fee. No further written examination, financial statements, or recommendations would be required.
Under these circumstances, we conclude that Donahue was properly licensed to bid on the job and that the Levee Board erred in rejecting his bid since he was the lowest responsible bidder. Hence, the trial court correctly enjoined the Levee Board from awarding the contract to anyone other *492 than Donahue. However, the trial court exceeded its authority by ordering the Levee Board to award the contract to Donahue as La.R.S. 38:2214 empowers a public entity to reject any and all bids. Bartley, Inc. v. Town of Westlake, 237 La. 413, 111 So.2d 328 (1959). Accordingly, the injunction granted was incorrect in that respect.
The remaining issue is whether the Levee Board, once it accepted Donahue's bid, could thereafter reject all bids. The Levee Board had awarded the contract to Donahue on July 16, 1980, but at its meeting on August 20, 1980, it adopted a resolution rejecting all bids and directing that the project be readvertised.
La.R.S. 38:2214 provides:
The public entity desiring to let a contract for the purchase of materials or supplies, or for the construction of public works, shall, in its resolution providing for the contract or purchase and for the advertisement for bids, designate the time and place that bids will be opened and the contract let; and shall at the place and time specified open the bids and let the contract. The public entity may reject any and all bids. (Emphasis added.)
La.R.S. 38:2215 provides, in pertinent part:
A. The public entity upon receipt of bids for the undertaking of any public construction contract, shall act within thirty calendar days of such receipt to award said contract to the lowest responsible bidder or reject all bids. However, the awarding authority and the lowest responsible bidder may mutually agree to extend the deadline beyond thirty days....
B. These provisions shall not be subject to waiver.
Together, these statutes mean that the governing authority has thirty calendar days from the opening of the bids to award the contract to the lowest responsible bidder or reject all bids or negotiate an extension of time with the lowest responsible bidder. However, once the public entity has exercised its option and accepted the lowest responsible bidder, it cannot then reject all bids and readvertise the project. Gurtler, Hebert & Company, Inc. v. Orleans Parish School Board, 251 So.2d 51 (La.App. 4th Cir. 1971); see also, Sternberg v. Board of Commissioners of Tangipahoa Drainage Dist. No. 1, 159 La. 360, 105 So. 372 (1925). To hold otherwise would be contrary to the well-established principles of contract law and would permit the possibility of favoritism in public bidding, the very evil which the statute was enacted to prevent. Accordingly, the rejecting of all bids by the Levee Board on August 20, 1980 was improper and without legal effect.
While the injunction issued by the trial court would have had to be modified so as to eliminate that portion ordering the Levee Board to award the contract to Donahue, in view of the subsequent acceptance of the Donahue bid on July 16, 1980 and the Levee Board's inability to reject all bids thereafter,[11] the injunction as originally issued is now appropriate.

DECREE
For the reasons assigned, the judgment of the court of appeal is reversed and set aside and the judgment of the district court is reinstated.
LEMMON, J., concurs.
NOTES
[1] La.R.S. 38:2212 then provided in pertinent part:

A. (1) All public work exceeding the sum of ten thousand dollars ... shall be advertised and let by contract to the lowest responsible bidder who had bid according to the contract, plans, and specifications as advertised....
. . . .
(3) The advertisement required by this Section shall be published once a week for three different weeks in a newspaper in the locality, the first advertisement to appear at least fifteen days before the opening of bids; provided that when the advertisement is published in a daily newspaper in the locality, the advertisement shall be published three times within ten days, the first advertisement to appear at least ten days before the opening of bids.
. . . .
La.R.S. 38:2212 was amended by Acts 1980, No. 329, and Acts 1981, No. 847. The changes are irrelevant to the issues presented for our determination.
[2] The fourth lowest bid, which was $106,000 higher than the Donahue bid, was submitted by Vaughn Demolishing Company, Inc.
[3] La.Code Civ.P. art. 3612 provides:

There shall be no appeal from an order relating to a temporary restraining order.
An appeal may be taken as a matter of right from an order or judgment relating to a preliminary or final injunction, but such an order or judgment shall not be suspended during the pendency of an appeal unless the court in its discretion so orders.
An appeal from an order or judgment relating to a preliminary injunction must be taken and a bond furnished within fifteen days from the date of the order or judgment. The court in its discretion may stay further proceedings until the appeal has been decided.
Except as provided in this article, the procedure for an appeal from an order or judgment relating to a preliminary or final injunction shall be as provided in Book III.
[4] La.Code Civ.P. art. 1091 provides:

A third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by:
(1) Joining with plaintiff in demanding the same or similar relief against the defendant;
(2) Uniting with defendant in resisting the plaintiff's demand; or
(3) Opposing both plaintiff and defendant.
La.Code Civ.P. art. 2086 provides:
A person who could have intervened in the trial court may appeal, whether or not any other appeal has been taken.
[5] Donahue also filed a rule to show cause why the Levee Board should not be held in contempt for violating the injunction because of the Board's action on August 20, 1980, in rejecting all bids and ordering readvertisement. After a hearing, the trial court ordered the Levee Board not to do anything inconsistent with the previously-issued injunction, such as reject all bids and readvertise the project. However, the trial court dismissed that portion of the rule pertaining to contempt.
[6] 407 So.2d 419 (La.App. 4th Cir. 1981).
[7] 407 So.2d 420 (La.App. 4th Cir. 1981).
[8] 407 So.2d 421 (La.App. 4th Cir. 1981).
[9] 410 So.2d 238 (La.1981).
[10] La.R.S. 37:2153(A) provides:

The board shall have the power to make by-laws, rules and regulations for the proper administration of this Chapter; to employ such administrative assistants as are necessary; and to fix their compensation. The board is hereby vested with the authority requisite and necessary to carry out the intent of the provisions of this Chapter.
[11] Since the Levee Board did not exercise its right to appeal within fifteen days (or seek an order suspending the judgment if it had appealed), La.Code Civ.P. art. 3612, it acquiesced in the judgment by awarding the contract to Donahue. This precluded it from rejecting all bids thereafter. However, acquiescence in the judgment was only binding on the Levee Board and had no effect on the right of Lambert to appeal. La.Code Civ.P. art. 2085 and Comment (h) thereunder.