COVINGTON, Judge.
This is an appeal from a judgment on a rule for mandamus, recalling the mandamus and dismissing the petition for mandamus at plaintiff’s costs. We affirm.
Plaintiff, G.D. Landry, d/b/a Landry Distributors, sued the State of Louisiana through the Department of Transportation *330 and Development, seeking, inter alia, to mandamus Paul Hardy, Secretary of DOTD, to issue Landry a purchase order in the amount of $28,716.75 for items, quantities, and prices allegedly deleted from the plaintiff’s sealed bid for certain tire repair materials. The District Court held a hearing on the rule for mandamus, and for oral reasons assigned, recalled the writ of mandamus and dismissed the petition for mandamus.
This matter arises out of an invitation for bids for the sale of tire repair materials to DOTD. Only one bid was received by DOTD, the bid of Landry Distributors in the amount of $36,225.50. After the bid was opened on April 1, 1980, it was taken under advisement. DOTD decided that the sole bid was too high and that it could get along with less quantities of the materials. A few days after the bid opening, DOTD advised Landry of its decision, and the parties made an arrangement whereby DOTD would purchase a reduced quantity of the materials at the quoted unit price, in a total amount of $7,508.75. Thereafter, Landry shipped the materials purchased, which were received, accepted and paid for by DOTD.
About one year later, plaintiff instituted this suit, initially for damages for the bid price and for breach of contract, and also demanding specific performance of the alleged contract. Later, Landry amended its petition to seek a writ of mandamus.
We agree with the lower court that mandamus is not an available remedy to the plaintiff in the instant case. Mandamus, according to LSA-C.C.P. art. 3861 (in its pertinent application), is a writ directing a public officer to perform the duties set forth in LSA-C.C.P. art. 3863. The prescribed duties are those that are purely ministerial. See Official Comments under LSA-C.C.P. art. 3863. It is settled that mandamus will lie to compel performance only when no element of discretion is left to the public officer. Smith v. City of Alexandria, 300 So.2d 561 (La.App. 3 Cir.1974), writs denied, 303 So.2d 186, 187 (La.1974).
Appellant cites LSA-R.S. 48:205[1] as requiring DOTD through its secretary to issue to Landry the requested purchase order because, appellant contends, the statute obliges the department to either award a purchase order (contract) to the lowest responsible bidder, or reject all bids if no satisfactory bid has been received.[2]
In construing this statute, the trial judge observed:
“The wording of La.R.S. 48:205 is clear. The Court can only find that the Secretary of the Department of Transportation (DOTD) is vested with the authority, to be exercised at his discretion, to act in the ways enumerated. This Court cannot order the Secretary of the Department of Transportation to exercise his discretion in such a manner as he may not see fit.”
*331 The writ of mandamus is never granted in doubtful cases. This writ issues only where there is a clear and specific legal right to be enforced, or a duty which ought to be and can be performed. See State ex rel. Hutton v. City of Baton Rouge, 217 La. 857, 47 So.2d 665 (1950).
Courts have no power to require the acceptance of a bid; a public officer may reject any and all bids. To require an officer or agency to accept a bid and enter into a contract simply because it has advertised for bids would destroy the ability to achieve a fair price within the budgeted amount of the project or item, and violative of the purpose of the public contracts law: to protect taxpayers against contracts of public officers entered into through favoritism or at exorbitant prices. See D.J. Talley & Son, Inc. v. City of New Orleans, 303 So.2d 195 (La.App. 4 Cir.1974). We find that the actions of DOTD, upon finding that Landry’s bid (the only bid received) was too high, constituted a rejection of all bids. Thus, we hold that the writ of mandamus was properly denied by the District Court. The judgment is affirmed at appellant’s costs.
AFFIRMED.

. LSA-R.S. 48:205 provides:
“Where the purchase exceeds one thousand dollars, the department, except as otherwise provided in this Chapter, shall give reasonable notice through the chief purchasing agent by advertising and by written notice mailed to persons which furnish the class of commodities involved.
“Such purchases shall, except as otherwise provided in this Chapter, be made only on award to the lowest responsible bidder in response to requests for bids published in the state. Requests for bids shall be published not less than ten days prior to the date set for opening the bids. The published advertisement and the specifications shall fix the exact place and time for presenting and opening of the bids. The presenting, opening, and reading of the bids shall be publicly performed on that day. The practice of dividing proposed or needed purchases into separate installments of less than one thousand dollars each for the purpose of evading this provision is expressly prohibited.
“If, in the judgment of the secretary, no satisfactory bid has been received in any case, he may reject all bids. In such case, he shall advertise for new bids as provided in this Section. ■ Until a satisfactory contract is awarded, he may authorize the purchasing agent to make such open market purchases of the commodities involved as are urgently required to meet the requirements for not more than thirty days.”

. We have considered the district court case relied upon by appellant, Laccassagne Ship Supplies, Inc. v. David Treen, et at, Suit No. 241,783 on the docket of the 19th Judicial District Court, decided December 10, 1980, and find it factually distinguishable.