467 So.2d 1371 (1985)
GRACE CONSTRUCTION COMPANY
v.
ST. CHARLES PARISH, St. Charles Parish Council and Kevin M. Friloux, President.
No. 84-CA-520.
Court of Appeal of Louisiana, Fifth Circuit.
April 15, 1985.
Writ Denied June 7, 1985.
*1372 Wray, Robinson & Kracht, W.P. Wray, Jr., Eric A. Kracht, Russell W. Wray, Mark W. Menezes, Baton Rouge, for plaintiff-appellant-appellee Grace Const. Co.
Don Almerico, Asst. Dist. Atty., Destrehan, for defendants-appellees St. Charles Parish, St. Charles Parish Council and Kevin Friloux, President, St. Charles Parish Council.
Deutsch, Kerrigan & Stiles, Charles F. Seemann, Jr., Ralph Kaskell, Jr., Patricia N. Jackson, John F. Lipani, New Orleans, for defendant-appellee-appellant Boh Brothers Const. Co.
Before CHEHARDY, KLIEBERT and GRISBAUM, JJ.
KLIEBERT, Judge.
This is a devolutive appeal by Boh Brothers Construction Company (Boh), the intervenors, from a trial court judgment rendered on August 31, 1984 in an action brought by Grace Construction Company (Grace), the second lowest bidder, against the Parish of St. Charles, declaring Boh's bid (the lowest bid) invalid and permanently enjoining the Parish of St. Charles (defendant) from executing the construction contract for a sewerage treatment plant with Boh and of a subsequent judgment, dated September 13, 1984, denying Boh's motion for a new trial. Coupled with this appeal is a devolutive appeal by Grace from the original judgment of August 31, 1984 and from a subsequent judgment dated September 17, 1984 issuing a preliminary injunction enjoining the Parish from awarding the contract for the sewerage plant to Grace. We maintain the trial court's judgment of August 31, 1984 in part and reverse in part. Additionally, we affirm the preliminary injunction obtained by Boh on September 17, 1984.
In July 1984 the Parish advertised for bids for the construction of a sewerage treatment plant. Bid opening was scheduled for 10:00 A.M. on August 6, 1984 at the office of the St. Charles Parish Council. Some nineteen persons or firms acquired copies of the plans. Dawson Engineers, consulting engineers for the Parish, issued three addendums to the specifications. The invitation to bid and bid forms required bidders to acknowledge all addendums. The first two addendums caused no problems. The manner in which Addendum No. 3 was issued and acknowledged is the cause of the present litigation.
At the bid opening on August 6, 1984, four contractors submitted bids as follows:

(a) Boh Bros. Construction Co.,
 Inc. $1,883,884.00
(b) Grace Construction Co., Inc. $1,891,604.50
(c) Sunbelt Contractors $1,925,958.00
(d) Cajun Contractors & Engineers,
 Inc. $1,945,000.00

*1373 The bids were taken under advisement awaiting the engineers' recommendation. The engineers, after consultation with the Parish attorneys, concluded the Boh bid was invalid because it failed to acknowledge receipt of Addendum No. 3, and hence recommended the acceptance of the Grace bid as the lowest responsible bid. Nevertheless, the Parish Council on August 20, 1984, by a majority vote, accepted the Boh bid.
Thereafter, on August 24, 1984 Grace filed suit against the Parish, its Council, and the Council President seeking the following relief: (1) Boh's bid be declared invalid, (2) an injunction enjoining the Council and its President from executing the contract with Boh, and (3) a mandamus ordering acceptance of Grace's bid and ordering the Parish to execute the contract with Grace. Boh intervened in the suit and joined the defendant Parish in its position by urging the validity of its bid and therefore the legality of its acceptance by the Parish Council. The litigants stipulated to have the preliminary injunction hearing set for August 29, 1984 to also be a hearing on the merits and for a permanent injunction.
On August 31, 1984 the district court rendered judgment declaring the Boh bid to be invalid and permanently enjoined the Parish from executing the contract with Boh, thus granting to Grace its first two reliefs prayed for. Without specifically referring to the third above enumerated relief prayed for by Grace, the judgment ordered: "the matter (be) referred to the St. Charles Parish Council for action." Then, in her reasons for judgment, the trial judge said the proceedings were referred back to the Parish Council for a determination of whether to accept the bid of Grace or to reject all bids and readvertise for bids and, by footnote, indicated the "just cause" required to reject all bids is apparent from evidence of irregularities throughout the bid process presented by all parties at the trial.
Following the rendition of the judgment, the Parish Council on September 4, 1984 rejected a motion to readvertise for bids. Thereafter, on September 11, 1984, Boh filed a motion for a new trial alleging Addendum No. 3 was either not issued or not legally issued because it was not done in accordance with the requirements of R.S. 38:2212 B. Hence, on the motion for a new trial, counsel for Boh argued that Boh was not required to acknowledge receipt of Addendum No. 3 or, alternatively, the Council was required to reject all bids and readvertise for bids. Counsel for Grace, however, argued that since the Council had initially decided to award the contract to Boh it had lost the option to readvertise for bids and must now award the contract to Grace, the lowest responsible bidder. The trial court denied the motion for a new trial.
Simultaneously with the filing of the motion for a new trial, Boh filed a petition against Grace, the Parish, its Council, and the Parish President, seeking a preliminary and permanent injunction enjoining the Parish Council from awarding the contract to Grace. The allegations of the petition for injunction elaborated on the irregularities in the manner of issuances of Addendum No. 3. In response, Grace filed exceptions of lis pendens, no right of action, no cause of action and res judicata.
On the same day as the preliminary injunction hearing was set, September 17, 1984, the Parish Council awarded the contract to Grace. Following the hearing, the trial judge ordered the issuance of a preliminary injunction, enjoining the Parish from awarding the contract to Grace upon its posting a $300,000 bond.
Boh and Grace perfected their devolutive appeal. Additionally, both Boh and Grace filed applications for supervisory writs in this court under Docket No. 84-C-507. After noting the apparent flaws in the bidding process and that the issuance of the preliminary injunction maintained the status quo pending the appeals, a panel of this court refused to grant the applications for supervisory writs.
On appeal Grace contends the trial court erred in not maintaining its exception of Res Judicata. In response Boh contends *1374 the invalidity of the entire bid process was not at issue in the first hearing and hence not adjudicated.
The evidence on the first hearing relative to the invalidity of the bid process reveals the following: Prior to the date set for the opening of bid, i.e., Monday, August 6, 1984, at 10:00 A.M., the Parish engineers issued three addendums to the initial specifications. One of the engineers for the Parish testified that he mailed Addendum No. 3 to four of the nineteen firms who had obtained copies of the plans and specifications before 10:00 A.M. on Wednesday, August 1, 1984, by depositing same in a mail box. Since he did not have the letters postmarked at that time, there is no documentary evidence supporting the time these were mailed. At some subsequent time Addendum No. 3 was mailed to the other firms.
Additionally, since he was concerned about the time (R.S. 38:2212B prohibits the issuance of an addendum within seventy-two hours of the bid opening, excluding Saturdays, Sundays, and legal holidays), he requested another engineer in the office to call the four firms by telephone to inform them of the contents of Addendum No. 3. The employee designated to place the calls was not aware of how many prospective bidders picked up plans. He testified that he was able to contact three of the four firms he was instructed to contact. He did not attempt to contact Boh because he assumed that they had received notice because he was shown a return receipt card postmarked August 2nd, 1984. He contacted Grace on Friday, August 3rd at approximately 11:45 and asked them to check their mail for Addendum No. 3. Sunbelt was also contacted by phone on Friday, August 3rd. At the time of the call Sunbelt had not as yet received the addendum. On the other hand, Cajun, who was contacted on Friday, August 3rd, informed the engineer it had received the addendum. Sunbelt was recontacted on Monday, August 6, 1984 to ascertain if it received the addendum. Their response was in the negative.
In the first hearing, Grace placed in question the authority of the Parish to award the bid to Grace by praying for a mandamus ordering acceptance of Grace's bid. The trial judge recognized and acknowledged that the manner and time in which Addendum No. 3 was issued was an irregularity of sufficient gravity to give the Parish "just cause" to reject all bids and referred the matter back to the Council for the purpose of determining whether to accept the bid of Grace or to reject all bids and readvertise. In our view the irregularities did more than give "just cause" to reject all bids.
Experience has shown public bidding of government contracts is the only way to assure the public gets the best value for its money and further prevents favoritism by government officials or their representatives from increasing the cost of public construction. Thus, a major goal of the public bidding statute, R.S. 38:2211, et seq., is fair competition and prevention of favoritism. When bidders, through no fault of their own, have to bid plans and specifications that differ from each other so that some bidders are favored and other treated unfairly (however inadvertently), the public bidding statute is thwarted and the bidding process illegal.
The evidence introduced at the first hearing showed the manner in which Addendum No. 3 was issued reached a result totally contrary to the public bid law and prevented fair treatment and equal protection to all of the bidders. The procedure prejudiced the public interest by depriving it of the lowest price, and by permitting an unfairness likely to discourage future bidders.
This case is factually different from Donahue v. Board of Levee Commissioners of Orleans, etc., 413 So.2d 488 (La.1982). In Donahue, no one questioned nor was there the slightest implication that the entire bidding process was improper, only the "responsibility" of the lowest bidder was at issue. The holding Donahue, supra, that the court cannot reject the lowest bidder and substitute the second lowest bidder *1375 without referring the matter to the governing authority presupposes that the bidding procedures were valid.
Here the entire bidding process was invalid because it unfairly favored some bidders over others. Since the bidding procedures were invalid, neither the Parish nor the trial judge had the option of accepting Grace's bid. By referring the matter back to the Parish Council to decide whether to accept Grace's bid without declaring the entire bidding procedure invalid merely postponed the inevitable adjudication of the invalidity of the bidding process.
Accordingly, we modify the trial judge's order of August 31, 1984 by setting aside the portion of the judgment referring the matter back to the Parish Council and, due to the invalidity of the bidding procedure, we now deny Grace's prayer for a writ of mandamus ordering the Council to award the contract to it as the lowest responsible bidder. The remainder of the August 31, 1984 judgment is affirmed. Additionally, although our ruling on the August 31, 1984 ruling renders the granting of a permanent injunction unnecessary, we affirm the judgment of September 17, 1984 enjoining the Parish from awarding the contract to Grace.
Each party is to bear his cost of the appeal.
AFFIRMED IN PART; REVERSED IN PART.