MAX N. TOBIAS, JR., Judge.
 

 | j>,The plaintiff/appellant, Concrete Busters of Louisiana, Inc. (“Concrete Busters”) appeals the trial court’s denial of its petition for a writ of mandamus and injunction against the defendant/appellee, the Board of Commissioners of the Port of New Or
 
 *486
 
 leans (“the Board”). For the reasons that follow, we reverse the trial court’s judgment and award the contract to Concrete Busters.
 

 The facts are not in dispute. In mid-April 2010, the Board, a political subdivision of the state, advertised a solicitation for bids for the demolition of the Board’s Henry Clay Avenue Wharf shed; the shed is located on immovable property owned by the Board. In the original bidding documents, the bids were to be submitted in a sealed envelope containing: (1) the completed bid form with bidder’s State Contractor’s license; (2) a certified check or bid bond; (3) acknowledgment of all addendum or addenda on the bid form; and (4) evidence of authority to sign of the person who signed the bid. In addition to the bid package, each bidder provided a document entitled “Louisiana Uniform Public Work Bid Form” as required by state law.
 

 IsTwo addenda were issued by the Board prior to the bid opening. As part of the bid solicitation, the Board requested that all bidders “clip” to their bid an acknowledgment form whereby the bidders would, in writing, acknowledge receipt of all addenda issued for the demolition project.
 

 When the bids were opened on 11 May 2010, both D.H. Griffin of Texas (“Griffin”), the lowest bidder on the project, and Concrete Busters, the next lowest bidder, provided the required Louisiana Uniform Public Work Bid Form and acknowledged receipt of all addenda on the form. Griffin, however, did not attach to its bid documents the written acknowledgments of the addenda as requested by the Board.
 

 The Board notified all bidders that the demolition contract would be awarded to Griffin, the lowest responsive bidder. On 19 May 2010, Concrete Busters issued a formal letter of protest that challenged the responsiveness of the Griffin bid, specifically noting the failure of Griffin to “clip” the written acknowledgments of addenda to the bid. On the same day, the Board replied to Concrete Busters’ protest stating in part:
 

 Attaching a copy of the last page of the addenda is not material to the bid and not including it does not make the bid non-responsive. Only the requirements that are mandated by the public works statute, i.e. acknowledging the addenda on the bid form, are material to whether or not a bid is responsive.
 

 On 1 June 2010, Concrete Busters filed a “Petition for Writ of Mandamus and Preliminary Injunction.” A hearing was held on 14 June 2010. The Board [4opposed the petition, arguing that: (a) demolition contracts are not subject to the public bid law; and (b) if they are, the lowest bidder is determined by the Louisiana Uniform Public Work Bid Form; all other requirements of the bid specifications can be complied with at a later date. After oral argument, the court entered judgment in favor of the Board, thereby denying Concrete Busters’ petition for a writ of mandamus and permanent injunction. No written reasons for judgment were issued; thus, it cannot be known on what basis trial court rendered its decision. On 16 July 2010, Concrete Busters filed a devolu-tive appeal.
 

 This litigation is governed by Louisiana’s Public Bid Law, La. R.S. 38:2211,
 
 et seq.,
 
 a law which “was enacted in- the interest of the taxpaying citizens and has for its purpose their protection against contracts of public officials entered into because of favoritism and involving exorbitant and extortionate prices.”
 
 Haughton Elevator Div. v. State, Div. of Admin.,
 
 367 So.2d 1161, 1164 (La.1979). In enacting the public bid law, the legislature has specifically prescribed the conditions under which the
 
 *487
 
 state will permit public work to be done on its behalf or on behalf of its political subdivisions.
 
 See Hamp’s Constr., L.L.C. v. City of New Orleans,
 
 05-0489 (La.2/22/06), 924 So.2d 104;
 
 Broadmoor, L.L.C. v. Ernest N. Mortal New Orleans Exhibition Hall Auth.,
 
 04-0211, 04-0212 (La.3/18/04), 867 So.2d 651. It is a “prohibitory law founded on public policy.”
 
 Broadmoor, L.L.C.,
 
 p. 6, 867 So.2d at 656.
 

 Given the nature of the legislative mandate, a political entity such as the Board has no authority to take any action that is inconsistent with the Public Bid |fiLaw.
 
 Id.
 
 Specifically, the public entity may not waive (1) any requirements of the public bid law, (2) any requirements stated in the advertisement for bid, or (3) any requirements stated on the bid form. La. R.S. 38:2212 A(l)(b);
 
 Hamp’s Constr., L.L.C.,
 
 pp. 9-11, 924 So.2d at 110-11.
 

 As a further effort to specify the prescribed conditions relating to the letting of public works projects, a Louisiana Uniform Public Work Bid Form was developed by the Louisiana Division of Administration pursuant to the mandate of La. R.S. 38:2212, which provides that the form so developed:
 

 shall require only the information necessary to determine the lowest bidder and the following sections and information: Bid Security or Bid Bond, Acknowledgment of Addenda, Base Bid, Alternates, Bid Total, Signature of Bidder, Name, Title and Address of Bidder, name of Firm or Joint Venture, Corporate Resolution and Louisiana Contractors License Number, and on public works projects where unit prices are utilized, a section on the bid form where the unit price utilized in the bid shall be set forth.
 

 La. R.S. 38:2212 A(l)(b)(ii)(aa) [emphasis supplied].
 

 Any other documentation or information not required to be included on the public bid form itself “shall be furnished by all bidders at a later date and time, in accordance with the Bidding Documents.” La. R.S. 38:2212 A(l)(b)(ii)(bb). Section 2212 A(l)(b)(i) provides that: “[t]he provisions and requirement of this Section, those stated in the advertisement for bids, and those required on the bid form shall not be waived by any entity.”
 

 li/The first issue to be addressed is whether a demolition contract is subject to the Public Bid Law. The statutory language at issue defines “public work” as follows:
 

 [T]he erection, construction, alteration, improvement, or repair of any public facility or immoveable property owned, used, or leased by a public entity.
 

 La. R.S. 38:2211 A(12) [emphasis supplied.].
 

 The Board argues, relying on a Louisiana Attorney General opinion issued to the City of New Orleans in May 2010, that a contract for demolition is not subject to the Public Bid Law. La. Atty. Gen. Op. No. 10-0026 stated:
 

 Based upon the plain language of La. Rev.Stat. 38:2211, it is our opinion that the demolition of a public facility does not fall under the purview of Louisiana’s Public Bid Law. Demolition does not involve erection, construction, alteration, improvement, or repair. Accordingly, demolition activities are not subject to the advertising and bidding requirements of Louisiana’s Public Bid Law. Similarly, we do not believe the provisions of La.Rev.Stat. 38:2241 relating to the types of bonds required for public works projects are applicable.
 

 An opinion of the Attorney General is merely advisory and, while perhaps persuasive authority, is not binding law or
 
 *488
 
 jurisprudence.
 
 In Re Shiplov,
 
 05-0498, p. 12 (La.App. 4 Cir. 10/18/06), 945 So.2d 52, 60;
 
 City of New Orleans v. Board of Directors of Louisiana State Museum,
 
 98-1170, p. 6 n. 11 (La.3/2/99), 739 So.2d 748, 753 n. 11. But that is not why we find opinion 10-0026 inapplicable to this case.
 

 In rendering its opinion, the Attorney General cited
 
 Regency Constr., Inc. v. Lafayette City-Parish Consol. Government,
 
 03-313 (La.App. 3 Cir. 6/4/03), 847 So.2d 796, a case in which the court of appeal merely denied the relator’s 17application for a supervisory writ. The Attorney General opinion states in pertinent part:
 

 There, the Court held that a contract for the removal of hurricane debris was not subject to the Louisiana Public Bid Law. In its decision, the Court recognized that the contract at issue did not involve the purchase of materials or supplies. The Court then went on to analyze whether the contract was for a “public work” as defined by statute. The Court found that the contract was not for the erection, construction, alteration, improvement, or repair of public property. Accordingly, the provisions of the public bid law were not applicable. Similarly, in Attorney General Opinion No. 07-0061 our office opined that a contract executed by St. Bernard Parish for the removal of debris left by Hurricanes Katrina and Rita was a service contract, not a public works contract, and thus not subject to the public bid law.
 

 La. Atty. Gen. Op. No. 10-0026.
 

 We decline to find that the demolition of a building located on public property is analogous to the removal of debris for several reasons. First, demolition is
 
 de facto
 
 an “alteration” of immovable property. La. R.S. 38:2211 A(12). Second, common sense dictates that debris is not necessarily a part of immovable property upon which it is located. Third, it is also not necessarily known from where debris came after a hurricane. Fourth, often debris is removed from private property and stored on public property pending removal,
 
 e.g.,
 
 placing waste on the public street for the sanitation authority to remove and dispose of it. | ^Finally, the presence and later removal of debris does not alter the public property in the context of La. R.S. 38:2211,
 
 et seq.
 

 [1]
 

 Conversely, we note that one decision by the Louisiana Supreme Court and one opinion by this court involved demolition contracts that were awarded via the Public Bid Law. The issue of demolition therein was not discussed by the appellate courts, to-wit:
 

 In
 
 Donahue v. Board of Levee Commissioners of Orleans Levee District,
 
 413 So.2d 488 (La.1982), the public contract involved the demolition of the Bayou St. John bridge on Lakeshore Drive in New Orleans. While the facts in
 
 Donahue
 
 are not analogous to the instant matter, we note that the issue
 
 sub judice
 
 was not raised by the parties or by the three courts hearing the case.
 

 In
 
 Hamp’s Constr., L.L.C. v. Housing Authority of New Orleans,
 
 10-0816 (La.App. 4 Cir. 12/1/10), 52 So.3d 970, the Housing Authority of New Orleans (“HANO”) issued an invitation to bid for remediation and demolition on several of its sites. We note that the issue of whether demolition is encompassed in the Public Bid Law was raised by HANO in its appeal. However, this court did not reach the issue because the case was decided on a procedural error made by HANO in
 
 *489
 
 refusing to grant Hamp’s a hearing after its bid was rejected.
 

 It is undisputed that the demolition of the Board’s shed will result in an “alteration” to the immovable property owned by the Board. Therefore, we find that the demolition of a building on public property falls within the definition of “public work” for purposes of the Public Bid Law.
 

 |9The next issue is whether Griffin’s failure to “clip” the written acknowledgments of addenda to its bid affects the bid’s responsiveness. Pursuant to La. R.S. 38:2212 A(l)(b), the public entity may not waive any requirements of the Public Bid Law, any requirements stated in the advertisement for bids, or any requirements stated on the bid form. The bid form contains a place for the bidder to acknowledge receipt of the addenda. The question presented for our decision is whether the bid form alone is sufficient without the formal attachment of the additional separate acknowledgements requested by the Board.
 

 La. R.S. 38:2211 A(2) defines the “bidding documents” as “the bid notice, plans and specifications, bidding form, bidding instructions, addenda, special provisions, and all other written instruments prepared by or on behalf of a public entity for use by prospective bidders on a public contract.” The Board created Addenda Nos. 1 and 2 for all prospective bidders. Each Addendum contained a certain separate acknowledgement form, stating:
 

 The notice of Addendum No. 1 [and No. 2] is sent to you with the last sheet in duplicate. Upon receipt, please sign and clip one copy to your bid; and sign the other copy and return promptly by mail or facsimile machine to the Port of New Orleans. FAX: 504-528-3445. [Emphasis supplied.]
 

 We agree with the Board that these separate acknowledgements are not required by the Public Bid Law. However, the Board made them a part of the bidding documents; the addenda contained certain specific instructions, and the lowest bidder did not comply with those instructions. The Board contends that the acknowledgments were documents that could be furnished by all bidders at a later date and time, “in accordance with the Bidding Documents,” citing La. R.S. 11038:2212 A(l)(b)(ii)(bb). However, the Addenda, which were part of the bidding documents, did not state that the acknowledgements could be provided at a later date; they specifically stated that they were to be returned with the bid. Because the Board cannot waive any of the requirements stated in the advertisement for bids, La. R.S. 38:2212 A(l)(b)(i), the bid submitted by Griffin should have been disqualified.
 
 [2]
 
 Therefore, we find that the trial court erred in denying Concrete Busters’ writ of mandamus and preliminary injunction.
 

 Based on the foregoing, we reverse the decision of the trial court. We render judgment in favor of Concrete Busters of Louisiana, Inc. and against the Board of Commissioners of the Port of New Orleans ordering that the project for work at issue in this appeal be awarded to Concrete Busters of Louisiana, Inc., thereby grant
 
 *490
 
 ing the writ of mandamus in favor of the plaintiff/appellant and against the defendant/appellee.
 

 REVERSED; JUDGMENT RENDERED.
 

 [1]
 

 . This is not to say that debris removal might not be subject to the Public Bid Law in the appropriate case. In this case, we find only that demolition comes within the definition of an "alteration” for purposes of the Public Bid Law.
 

 [2]
 

 . Apparently, in amending La. R.S. 38:2212 in 2008, the legislature intended to modify, if not legislatively overrule in part,
 
 Hamp's Constr,, L.L.C. v. City of New Orleans,
 
 05-0489 (La.2/22/06), 924 So.2d 104. That is, the legislature by requiring the "Louisiana Uniform Public Work Bid Form” set forth uniform minimal requirements for bidding on public works. A public body could make additional and more stringent requirements. Thus, the legislature has for the most part mooted the issue of whether a bid is responsive, whether a part of the request for bids may be waived by the public body, and what is an informality or immaterial in the bid request and the bid itself.